Q-eorge Starke, J.
This is an action against an insurance company to recover the sum of $1,551.50, pursuant to the provisions of section 167 (suhd. 1, par. [b]) of the Insurance Law. The plaintiff sustained personal injuries and property damages as a result of an automobile accident and brought an action against one, Wells, who was covered at the time of the accident by an insurance policy issued by the defendant. Plaintiff obtained a judgment against Wells, by inquest, for $1,551.50, and now sues the insurance company to recover on that judgment.
The accident occurred on March 28, 1959. The insured promptly reported it to the insurance company. Shortly thereafter, plaintiff’s attorneys communicated with and actually *1006 conducted negotiations with the company concerning possible settlement of the plaintiff’s claim. However, these negotiations and communications between plaintiff’s attorneys and the company ceased in July, 1959. There were no further communications between them. Subsequently, on July 30,1959, the plaintiff commenced his action against the insured by allegedly serving a summons upon him on that date. (I say “ allegedly ” advisedly, because the insured’s testimony that he was served is contradicted by his signed statement, in evidence, that he was never served.) At any rate, if that summons was served on the insured, he admitted on the stand that he never turned it over to the insurance company or to any of its agents and that he still has it in his possession, at home. Nor did he notify the company that he had been served. On November 30,1959, plaintiff’s attorneys took judgment by inquest against the insured and on December 10, 1959 entered the judgment. They served a copy of the judgment on the insured but never served a copy on the company. The within action was instituted against the defendant insurance company on April 6, 1960.
From the time of the commencement of the action against the insured (July 30, 1959) to the time of the commencement of the present action against the defendant (April 6, 1960), the defendant had no notice of the litigation. It had no knowledge that an action had been brought against the insured or that a judgment had been obtained against the insured. It was only upon service of the summons in the within action that the company first received any inkling that a suit had been started against the insured and that a judgment had been obtained against him.
The insured not only failed to turn over to the insurance company the summons allegedly served upon him or notify it that he had been served, but likewise failed to turn over to the company a copy of the judgment served upon him or notify the company that a judgment had been obtained against him.
Unquestionably, the insured failed to co-operate with the insurance company within the meaning of the statute. The mere fact that he reported the accident was not sufficient. He was required to turn over the summons or at least notify the company that he had been served with a summons. Had he done so, the judgment by inquest, in all likelihood, would not have resulted. The company would have been apprised and would have had an opportunity to defend. The insured was also required to turn over the judgment to the company or at least notify the company that he had been served with a copy of the judgment, in which event, the company would have had an opportunity to make a motion to vacate the default judgment. *1007 How does the insured’s failure to co-operate affect the plaintiff, the injured victim?
After receiving the summons in the action in April, 1960, the company could have made a motion to vacate the inquest judgment and thus stayed this trial. Instead, they decided to interpose an answer and stand trial. In doing so, the company has surrendered its right to reopen the default judgment and try the original personal injury action. The company therefore stands or falls on the issue of whether the plaintiff’s attorneys were required to give the company notice of the litigation before bringing this suit.
Both sides rely on the case of Lauritano v. American Fid. Fire Ins. Co. (3 A D 2d 564, 568, affd. 4 N Y 2d 1028).
The action or inaction of the plaintiff’s attorneys vitally affect the plaintiff’s right to now sue the insurance company. The court said in the Lauritano case (supra) : “ The injured person’s rights must be judged by the prospects for giving notice that were afforded him ”. The plaintiff’s attorneys knew shortly after the accident who the insurer was. Admittedly, they conducted negotiations with the company from April to July, 1959. It is also conceded that in spite of this knowledge, after allegedly serving the summons on the insured on July 30, 1959, they never communicated with the company prior to serving the summons in the present action on the company on April 6, 1960. During the interim of July, 1959 to April, 1960, they proceeded to take an inquest against the insured in November, 1959 without ever advising the company that they had served a summons on the defendant or that they intended to take an inquest because no answer had been filed. They entered the judgment in December, 1959 without ever informing the company that they had taken a default judgment against the insured. After entering the judgment, they kept it a closely-guarded secret for a period of four months, until April, 1960, when, out of the clear blue sky and without any prior notice to the company, they served the company with a summons demanding payment of the default judgment they obtained in November, 1959 against the insured.
Plaintiff’s attorneys contend that giving notice of claim to the company was sufficient, that they had no obligation to give any notice whatever to the company thereafter and that they were not required to notify the company, before bringing this action against the company, of the commencement of suit, the taking of judgment by inquest or the entry of judgment against the insured.
*1008 If plaintiff’s attorneys are correct in their contention that they are entitled to recover here, it would then mean that in every situation where the insured failed to co-operate (to the extent that the company is without notice of the litigation), the injured party’s attorney could simply take a judgment by inquest against the insured and then turn around and bring an action, such as this one, against the company for failure to pay a judgment outstanding against the insured.
The law is not a game of “ tic-tac-toe ”. Such tactics should not be condoned. Fair play would dictate conduct other than that displayed here. Aside from the matter of professional courtesy which one lawyer owed to another, the plaintiff’s attorneys had certain obligations in being given the right to sue the company. They should have laid the proper groundwork for bringing this action. Since they knew that the defendant was the carrier in the case, it would seem to me that when they found out no answer had been filed to the summons served on the insured they ought to have notified the company of the default or at least of their intention to take a judgment against the insured by inquest. Not having done so, I should think that they would have advised the company that they had taken a default judgment against the insured and that they intend to enter it. Not having done that, I should think that they would have notified the company that they had entered a judgment against the insured, before serving a summons on the company, saying “ Look here. We want you to pay a judgment against the insured which you know nothing about.”
Their strategy has back-fired. Although plaintiff had certain rights under certain conditions to proceed against the company in spite of the insured’s failure to co-operate with the company, plaintiff’s attorneys did nothing to protect and preserve those rights (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, supra).
The statute places on the insured the obligation to notify the company of any litigation but does not limit the obligations to the insured. It expressly gives the plaintiff the right to notify the company of litigation. When that plaintiff intends later to sue the company for failure to pay a judgment resulting from the litigation of which it had no notice, the right to notify the company of litigation impliedly becomes an obligation.
In doing what they did and in failing to do that which they should have done, the plaintiff’s attorneys failed to perform their obligation of giving notice of the litigation to the company prior to bringing the suit. Thus, they failed to protect and preserve the plaintiff’s rights to proceed against the company. *1009 Having knowingly and willfully foreclosed the company from any of its rights, the plaintiff cannot now assert a grievance that he is foreclosed from the right to recover from a defendant whom he deprived of an opportunity to have its day in court or the right to defend.
For the foregoing reasons the complaint is dismissed and judgment is hereby rendered for the defendant. Furthermore, here is something completely overlooked by both sides. Where an action is based on section 167 of the Insurance Law, plaintiff must show under paragraph (b) of subdivision 1 that, before commencing the present action against the company to recover the amount of the judgment obtained against insured, the judgment remained unsatisfied 30 days after the service of a copy of the judgment on the insurer as well as on the insured or his attorney. By failing to serve the company with a copy of the judgment in compliance with the condition precedent of this action, plaintiff has barred himself from enforcing his statutory rights against the company.