■ JULIUS THRASHER, Respondent, v. UNITED STATES LIABILITY INSURANCE COMPANY, Appellant. DUAINE MORGAN, as Administratrix of the Estate of JAMES MORGAN, Deceased, Respondent, v. UNITED STATES LIABILITY INSURANCE COMPANY, Appellant.— Judgment in favor of the plaintiffs unanimously reversed, on the law and on the facts, with $50 costs and disbursements to appellant, and the complaint dismissed. The plaintiffs, Julius Thrasher and Duaine Morgan, as administratrix of the goods, chattels and credits of James Morgan, deceased, have recovered judgments against the defendant in actions brought pursuant to section 167 of the Insurance Law to recover proceeds of a policy of liability insurance issued by the defendant to one Henry Kelly. June 8, 1962, Kelly loaned his automobile to plaintiff Morgan's decedent who invited plaintiff Thrasher to take a ride with him. During the course of the

ride, the automobile crashed into an embankment, injuring both Thrasher and Morgan. Thrasher sued Kelly, owner of the automobile, for negligent operation of the automobile and Morgan sued in negligence for defective brakes on the automobile. The actions were consolidated for trial on December 12, 1963. From that date until the commencement of the trial of the negligence action on January 15, 1964, the defendant, through its investigators, made repeated attempts to locate its insured who, at that time, no longer lived at the address stated in the policy. On one occasion, the investigator spoke with Morgan and was told that Morgan's attorney had instructed him not to speak to anyone and the investigator requested Morgan to ask Kelly if he saw him to contact the defendant. Morgan, on January 5, 1964, told the investigator that he had given Kelly the message at Morgan's house on December 24, 1963, but that he had no address for Kelly. The investigator also contacted Morgan's attorney prior to the trial to ask his help in locating Kelly. The attorney, at the trial, stated that he "probably told him to jump in the lake." January 15, 1964, when the action came on for trial, the defendant's request for an adjournment to afford it a further opportunity to obtain the co-operation and the presence of its insured at the trial was denied. Defendant's attorney then stated on the record that if a judgment was rendered against the defendant it intended to disclaim payment of any such judgment. During the trial of the actions and, prior to the submission to the jury, the plaintiff Thrasher changed his claim of negligence from negligent operation of the automobile to negligence by reason of defective brakes. After recovery of judgments against the defendant Kelly, which remain unsatisfied, the plaintiffs instituted this action. The record amply establishes that the insured violated the co-operation agreement contained in the insurance policy and that the defendant's efforts to effect his co-operation were sufficient to sustain its disclaimer. Defendant contends also that plaintiffs' failure to comply with the provisions of section 167 of the Insurance Law, requiring service of a copy of the judgments in the personal injury action on the insurer, precludes the court's jurisdiction to the actions herein. It is conceded that the plaintiffs served copies of the judgments on the attorney who represented the defendant Kelly on the trial, but did not serve copies of the judgments on the insurer, the appellant herein. Section 167 (subd. 1, par. [b]), provides that a plaintiff must show, before commencing an action thereunder, that the judgment remained unsatisfied for 30 days and that service of a copy of the judgment has been made on the insurer as well as on the assured or his attorney. The statute provides alternative methods of service in the case of the insured by providing for service on the insured or his attorney. The absence of such alternative method of service in the case of the insurer requires such service on the insurer before jurisdiction attaches. The failure to serve the defendant with a copy of the judgment bars a right of action against the defendant (*McNamara* v. *Allstate Ins. Co.*, 3 A D 2d 295; *Clark* v. *Utica Mut. Ins. Co.*, 31 Misc 2d 1005). Concur — Rabin, J. P., Stevens, Steuer and Staley, JJ.