### BURKE v. LONDON GUARANTEE & ACCIDENT CO.

(Supreme Court, Special Term, Kings County. May, 1905.)

CASUALTY INSURANCE—LIABILITY OF INSURER TO PERSON INJURED.

Under the contract of an insurance company to indemnify the insured against loss for damages on account of bodily injuries caused by negligence of the insured, the insurer is not liable to one injured, who has recovered judgment therefor against the insured, the judgment not being paid, so as to render the insurer liable to the insured, though the insured is insolvent; there being no privity between the insured and the one injured, through the contract.

Suit by Mary Burke, an infant, against the London Guarantee & Accident Company. Judgment for defendant.

Suit in equity to make the defendant pay a judgment for $3,000 recovered by the plaintiff against the Brooklyn Wharf & Warehouse Company (a corporation) for damages for personal injuries by negligence.

The Brooklyn Wharf & Warehouse Company became insolvent, did not pay the judgment, and had been dissolved by a judgment of this court before this suit was brought.

This defendant insured the said Brooklyn Wharf & Warehouse Company against damage for personal injuries caused by it.

The plaintiff relies mainly on the following provisions of the policy:

"2. If thereafter, any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this Policy, immediate notice thereof shall be given to the Company, and the Company will defend against such proceedings in the name and on behalf of the Assured or settle the same at its own cost, unless it shall elect to pay to the Assured the indemnity provided for in Clause 'A' of Special Agreements as limited therein.

"3. The Assured shall not settle any claim except at his own cost, nor interfere in any negotiations for settlement or in any legal proceeding without the consent of the Company previously given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative. The Assured, when requested by the Company, shall aid in securing information and evidence and in effecting settlements, and in case the Company calls for the attendance of any employé or employés as witnesses at inquests and in suits, the assured will secure his or their attendance, making no charge for his or their loss of time."

"8. No action shall lie against the Company as respects any loss under this Policy unless it shall be brought by the Assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue. No such action shall lie unless brought within the period within which a claimant might sue the Assured for damages, unless at the expiry of such period there is such an action pending against the Assured; in which case an action may be brought against the Company by the Assured within thirty days after final judgment has been rendered and satisfied as above. In no case, except that of minors, shall any action lie against the Company after the expiration of six years from the date of the given injuries or death. The Company does not prejudice by this clause any defenses to such action which it may be entitled to make under this Policy."

Luke D. Stapleton, for plaintiff.
Eidlitz & Hulse, for defendant.

GAYNOR, J.  The defendant agreed "to indemnify" the insured company "against loss from common law or statutory liability for damages on account of bodily injuries" caused by the negligence of the insured, these being the words of the policy.  The loss was not paid by the insured to the plaintiff, although she obtained a judgment against the insured for her damages, and hence the defendant never became liable to the insured on her account.  The fact that the insured became insolvent, and could not pay the plaintiff's judgment against it, gave her no claim, legal or equitable, against the insurer, this defendant.  There was no privity between the plaintiff and the defendant through the insurance contract.  It was a matter between insurer and insured only.  The reasoning in Sanders v. Insurance Co., 72 N. H. 485, 57 Atl. 655, 101 Am. St. Rep. 688, where the contrary was decided, does not seem to rest on any definite principle.  We are without any decision on the question in this state, but it has been decided adversely to the plaintiff's contention in several states.  Cushman v. Carbondale Co., 122 Iowa, 656, 98 N. W. 509; Frye v. Gas & Electric Co., 97 Me. 241, 54 Atl. 395, 59 L. R. A. 444, 94 Am. St. Rep. 500; Travellers' Insurance Co. v. Moses, 63 N. J. Eq. 260, 49 Atl. 720, 92 Am. St. Rep. 663; Kinnan v. Fidelity & Casualty Co., 107 Ill. App. 406; Connolly v. Bolster (Mass.) 72 N. E. 981.

Judgment for the defendant without costs.