SKINNER BROS. MANUFACTURING CO., INC., Respondent, v. SHEVLIN ENGINEERING CO., INC., Defendant, Impleaded with NEW YORK RAPID TRANSIT CORPORATION and Another, Appellants.

First Department, March 6, 1931.

*D. A. Marsh* of counsel [*George D. Yeomans*, attorney], for the appellant New York Rapid Transit Corporation.

*William J. McArthur*, for the appellant United States Fidelity and Guaranty Company.

*John F. Collins* of counsel [*Harry S. Bandler* and *Harry Merwin* with him on the brief; *Bandler, Haas & Collins*, attorneys], for the respondent.

FINCH, J. From orders denying motions for judgment on the pleadings, the defendants, appellants, New York Rapid Transit Corporation and United States Fidelity and Guaranty Company appeal.

The question involved is the sufficiency of the complaint.

The plaintiff seeks to recover upon a contract made between defendant Shevlin Engineering Company, Inc., hereinafter referred to as the Shevlin Company, and the New York Rapid Transit Corporation, hereinafter referred to as the Transit Corporation, whereby the Shevlin Company agreed to furnish and install a heating system in property leased by the Transit Corporation. Thereafter the Shevlin Company contracted with the plaintiff to furnish and deliver certain materials required for the said heating system. Plaintiff thereafter delivered to the Shevlin Company the materials aforesaid, which were satisfactory and accepted and installed as a part of the work done by the Shevlin Company under its contract with the Transit Corporation. The Shevlin Company agreed to pay plaintiff for the materials approximately $41,000, on

account of which $20,000 has been paid, leaving a balance of $21,000 due. The contract between the Shevlin Company and the Transit Corporation provided that the Transit Corporation would pay the Shevlin Company during the progress of the work ninety per cent of the estimated value of the work performed during the preceding month, provided the Shevlin Company was making proper progress and making proper payments to its subcontractors (which included plaintiff). The Shevlin Company agreed to save the Transit Corporation harmless from all liens, claims or demands against it, and that the Transit Corporation would not be obligated to make payments to the Shevlin Company of any moneys due to it if there was unpaid the claim or demand of any subcontractor of the Shevlin Company, of which claim or demand the Transit Corporation had notice, without reserving from moneys due to said Shevlin Company an amount sufficient to pay the claim of the subcontractor or without the Shevlin Company delivering to the Transit Corporation a bond indemnifying it against any such claim or demand of the subcontractor. Plaintiff duly notified the Transit Corporation and the Shevlin Company that it had furnished and delivered the materials as a subcontractor of the Shevlin Company and claimed a lien on any moneys due by the Transit Corporation to the Shevlin Company.

Judgment should have been given for the defendants since the complaint fails to state that any promise was made by the Transit Corporation to pay the plaintiff.

The provision that the Transit Corporation would make partial payments to the Shevlin Company provided the Shevlin Company was making proper payments to its subcontractors, was simply the reservation of a right to withhold payment from the Shevlin Company for the protection of the Transit Corporation. No promise is alleged upon the part of the Transit Corporation to pay subcontractors of the Shevlin Company. While a third party may recover in certain circumstances upon a contract made by others for the benefit of the third party (*Seaver* v. *Ransom*, 224 N. Y. 233), yet it is a fundamental prerequisite that the alleged promisor should have made a promise for the benefit of the third party. (*Vrooman* v. *Turner*, 69 N. Y. 280; *Beveridge* v. *N. Y. El. R. R. Co.*, 112 id. 1.) In *Vrooman* v. *Turner* (*supra*), Judge ALLEN, speaking for the court, said (p. 283): "To give a third party who may derive a benefit from the performance of the promise, an action, there must be, first, an intent by the promisee to secure some benefit to the third party, * * *."

In *Beveridge* v. *N. Y. El. R. R. Co.* (*supra*), Judge GRAY said (at p. 26): "Where the plaintiff seeks to base his right to main-

tain his action against a third party upon a contract made between that party and 'another, it must be one made or intended for his benefit. Such a beneficial intent must be clearly found in the agreement. * * * But in all of the cases which I have examined, where the action was sustained, the facts showed that the promise clearly was for the third person's benefit, and made with that distinct intention."

Without the existence of such a promise, no recovery may be had by the third party. In the case at bar the plaintiff does not set forth any ultimate facts showing the existence of any promise on behalf of the alleged promisor, but merely sets forth provisions which at the most were made by the Transit Corporation exclusively for its own benefit and which would give it a right to withhold moneys due the Shevlin Company unless a bond was given to the defendant, appellant, Transit Corporation for its protection. The fact that the Transit Corporation could make the payments if a bond was given to it by the Shevlin Company, is an additional confirmation that the Shevlin Company did not make or intend to make a promise to pay the claim of the plaintiff's subcontractor. The lack of allegations by the plaintiff of ultimate facts showing the existence of a promise on behalf of the Transit Corporation is not aided by certain conclusory allegations, such as that " it was the duty and an obligation of the Transit Corporation to withhold from moneys due and to grow due under said contract * * * an amount sufficient to pay the amount due and owing to plaintiff," or the allegation " that the bond * * * was given * * * to assure the payment of plaintiff's claim * * * if said Shevlin Company refused or was unable to pay." Both of these conclusory statements are insufficient to take the place of allegations of ultimate facts showing that a promise was made by the defendant, appellant, Transit Corporation to pay the claim of the plaintiff from moneys withheld by it from moneys due to the Shevlin Company.

For the foregoing reasons the complaint does not state a cause of action against the defendant Transit Corporation.

Nor does the complaint state a cause of action against the defendant, appellant, United States Fidelity and Guaranty Company. The only theory upon which the plaintiff could assert a cause of action against the defendant surety company is that the bond of indemnity was made for the benefit of the plaintiff. A complete answer to this contention is the fact that under the terms of the indemnity agreement the surety company did not agree to pay anything to the plaintiff, nor did it agree to do anything for the plaintiff. The agreement was not made for the benefit of the plaintiff. It was, on the contrary, made solely for the benefit of the,

defendant Transit Corporation, the obligee named therein. The bond was conditioned for two things: *First*, that the Shevlin Company would pay any judgment recovered in an action brought to enforce a mechanic's lien, and *second*, that the Shevlin Company would hold the Transit Corporation harmless in relation to any money that might be due the plaintiff from the Shevlin Company and from any expense incurred in litigation in connection therewith. (*Turk* v. *Ridge*, 41 N. Y. 201.)

It follows that the complaint fails to state facts sufficient to constitute a cause of action against these defendants, appellants, and the orders appealed from should be reversed, with ten dollars costs and disbursements, and each motion granted, with ten dollars costs.

McAvoy, Martin and O'Malley, JJ., concur.

On each appeal: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.