In the Matter of the Application of Joseph A. Giannotti, Respondent, for an Order of Peremptory Mandamus against Abraham Kaplan and Others, Members of the Municipal Civil Service Commission of the City of New York, Appellants.

First Department, February 7, 1936.

*Arthur Bainbridge Hoff, Jr.*, of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel,* attorney], for the appellants.

*Reginald Field* of counsel [*Leon P. Calafiura* with him on the brief; *Field & Field,* attorneys], for the respondent.

PER CURIAM. Under section 21 of the Civil Service Law, the disability recognized by the Veterans' Bureau must continue to exist " at the time of his or her application for  *  *  *  appointment or promotion; " and, under section 22-c, unless the disability is of such nature as to prevent efficient performance of the duties of the position, it shall not be deemed to disqualify. The application was dated August 4, 1932 (Petitioner's Exhibit 3). Expressly, in connection with such application and the physical examination required for promotion, the civil service commission, on December 30, 1932, determined that the disability existed at the time of the application, recognized the disabled veteran preference and, consequently, on the facts in this record, determined that the disability was not of such nature as to prevent efficient performance. On the trial, entirely different and irrelevant issues as to the time of the disability were litigated, but, on the relevant, uncontradicted facts in the record, we think the result should be sustained. It is clear that, after certification from the Veterans' Bureau of recognition of disability and a finding by the physician of the civil service commission that such disability existed at the time of the application for promotion (Petitioner's Exhibit 3 read with Exhibit 5), the petitioner was in fact given a veteran's preference on the list in existence at the time appointments were made therefrom.

At the close of the trial the appellants moved to dismiss, the respondent moved for a directed verdict, no request was made to go to the jury, the so-called " request to charge " was not on any relevant issue; and accordingly the parties substantially submitted the issues to the trial court. In that state of facts, the trial court

reached a proper result in directing a verdict, and upon such directed verdict a peremptory order was properly entered at Special Term.

The final order should according y be affirmed, with costs.

Present — MARTIN, P. J., O'MALLEY, UNTERMYER, DORE and COHN, JJ.

Final order affirmed, with costs and disbursements.