HAROLD G. MOODY, Doing Business under the Trade Name and Style of MOODY BRICK & CLAY COMPANY, Respondent, v. TOMASELLO CONSTRUCTION CORP., Appellant.— In an action brought to recover a portion of the purchase price of a quantity of brick sold by plaintiff for use in a building on which defendant was engaged as a mason contractor, order of the Appellate Term, affirming a judgment of the City Court of the City of New York, County of Kings, in favor of plaintiff unanimously affirmed, with costs. By moving to dismiss the complaint at the close

of the evidence, and failing to ask leave to go to the jury after plaintiff had moved for a directed verdict, defendant acquiesced in the submission of all issues of fact and law to the court. (*Mullen* v. *Quinlan & Co.*, 195 N. Y. 109; *Matter of Giannotti* v. *Kaplan*, 246 App. Div. 229.) Under the circumstances the inferences most favorable to the plaintiff must be deemed to have been accepted. (*Glanzer* v. *Shepard*, 233 N. Y. 236.) We construe the two agreements of June 1, 1937, to mean that the owner of the premises was empowered to order the face brick at defendant's expense and in that respect to act as defendant's agent. The supplemental agreement accomplished nothing on that subject except to limit defendant's liability for such material. From the testimony that a verbal agreement had previously been reached, and the admission in defendant's complaint, in the action to foreclose its lien, that such verbal agreement was substantially the same as the later written agreement, the inference could fairly be drawn that the owner had the authority to act as defendant's agent at the time when the brick was ordered. We, therefore, conclude that the direction of a verdict against defendant as an undisclosed principal was justified. Plaintiff was not entitled to recover as a third party beneficiary because the contracts do not clearly disclose an intention that defendant was to make payment to any one other than the owner. (*Skinner Bros. Mfg. Co., Inc.*, v. *Shevlin E. Co., Inc.*, 231 App. Div. 656; affd., 257 N. Y. 562.) There was no error in the exclusion of parol evidence. The only ambiguity in the contracts lay in the failure to specify the party to whom payment should be made by defendant. Such omission had no bearing on the question of the existence of an agency, upon which theory alone plaintiff was entitled to recover. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.