John G. Leonforte, J.
Defendant, American Casualty Company of Beading, Pa., moves for summary judgment pursuant to rule 113 of the Buies of Civil Practice.
In her complaint, plaintiff alleges that the sum of $11,250 was stolen from her apartment about June 17,1960, and again about November 7, 1960, by an employee of defendants, Flatiron Services, Inc., and Flatiron Maid Service, Inc.; $4,580 of said amount stolen was not recovered by the police from the alleged thief.
The insurance policy issued to defendants, Flatiron Services, Inc. and Flatiron Maid Service, Inc. by the moving defendant reads in part as follows: “ The Underwriter, in consideration of the payment of the premium, and subject to the Declarations made a part hereof, the General Agreements, Conditions and Limitations, and other terms of this Bond, agrees to idemnify the Insured against any loss of money or other property which the Insured shall sustain through any fraudulent or dishonest act or acts committed by any of the Employees, acting alone or in collusion with others, the amount of indemnity on each of such Employees being the amount stated in Item 3 of the Declarations. * * * Subject to General Agreement C, this Bond applies only to loss sustained by the Insured through fraudulent or dishonest acts committed during the Bond period by any of the Employees engaged in the regular service of the Insured within any of the States of the United States of America, the District of Columbia, Alaska, Hawaii, Virgin Islands, Puerto *580 Rico, Canal Zone or Canada or while such Employees are elsewhere for a limited period. * * * As used in this Bond, “ Employee ” means any natural person (except a director or trustee of the insured, if a corporation, who is not also an officer or employee thereof in some other capacity) while in the regular service of the Insured in the ordinary course of the Insured’s dimness during the Bond Period and whom the Insured compensates by salary, wages or commissions and has the right to govern and direct in the performance of such service, but does not mean any broker, factor, commission merchant, consignee, contractor or other agent or representative of the same general character. * * * Section 5. The insured property niay be owned by the Insured, or held by the Insured in any capacity whether or not the Insured is liable for the loss thereof, or may be property as respects which the Insured is legally liable.” (Emphasis added.)
The plaintiff claims that she is a third-party beneficiary of said insurance policy. The moving defendant claims that said policy covers only the named insureds, to wit, defendants Flatiron Services, Inc. and Flatiron Maid Service, Inc.
In Jefferson v. Sinclair Refining Co. (14 A D 2d 238, 240) Lipsett, Inc. had entered into a contract with Sinclair Refining Co. for demolition and removal of structures at one of Sinclair’s oil refineries. Lipsett Inc. agreed to indemnify Sinclair against liability to third persons for personal injuries incident to work. The insurer extended its pre-existing comprehensive general liability policy issued to Lipsett, Inc. to cover its liability to Sinclair. Sinclair claimed that it was a third-party beneficiary under said liability policy. The court stated the following: “ Sinclair is not the named or an additional insured. The policy coverage is limited to the legal obligation of the insured and its extension to the contract between Sinclair and Lipsett is confined to the latter’s contractual liability; it does not by its terms expressly or impliedly cover the legal liability of Sinclair for accidental personal injury. (French v. Vix, 143 N. Y. 90, 93-94; Beveridge v. New York El. R. R. Co., 112 N. Y. 1, 26; Simson v. Brown, 68 N. Y. 355; Turk v. Ridge, 41 N. Y. 201; Warsawer v. Burghard, 234 App. Div. 346; Skinner Bros. Mfg. Co. v. Shevlin Eng. Co., 231 App. Div. 656, 659-660, affd. 257 N. Y. 562).”
The law is well settled that if the insurance involves an indemnity policy, the injured person has rid right of action against the insurer because there is rio pfivity of contract between them (see generally 8 Appleman, Irisurance Law and Practice, § 4832, and the cases cited in the footnotes).
*581 “ In the absence of statute an indemnity underwriter is not liable to the obligee of the insured.” (Matter of National Motorship Corp., 96 F. 2d 88, 91, cert. denied 305 U. S. 610.)
It has been held that no suit on statutory fidelity bonds to a bank can be maintained by depositors or other creditors of the bank (Fidelity & Deposit Co. of Maryland v. Duke, 293 F. 661; Lindsey v. Standard Acc. Ins. Co., 233 Ala. 571).
A bond to indemnify brokers against direct loss of securities in which the insured had a pecuniary interest or held as security or as bailee or agent was a contract of indemnity and the customers not specifically named in said indemnity policy, could not recover directly against the insurer (Allen v. Massachusetts Bonding & Ins. Co., 218 Iowa 294).
In Crown Fabrics Corp. v. Northern Assur. Co. (124 N. J. L. 27) the court held that customers of a named insured who was protected by a policy against enumerated hazards including sprinkler leakage, to property owned by insured, and who was indemnified against liability on customer-owned goods, could not recover from the insurer for damage to their goods by sprinkler leakage at insured premises, since said customers were not parties to said policy and were not in privity with it.
In Eastern Steel Co. v. Globe Ind. Co. (185 App. Div. 695, affd. without opinion 227 N. Y. 586) the court held that a bond issued to the city that a contractor shall promptly make payment of the sums due to all persons supplying labor and materials in the prosecution of the work provided in the contract does not render the sureties liable to materialmen for materials furnished to the contractor since the city was not under any duty or obligation to them (see, also, 10 Appleman, Insurance Law and Practice, §§ 5863, 5864).
By analogy to the aforesaid eases and authorities, the insurance contract herein indemnified only the named insured, to wit, defendants Flatiron Services, Inc. and Flatiron Maid Service, Inc; The plaintiff is not a third-party beneficiary of said policy. At most, the plaintiff is merely an incidental beneficiary.
The alleged fact that the defendants, Flatiron Services, Inc. and Flatiron Maid Service, Inc., represented to the plaintiff that they were insured for the loss due to dishonesty of their employees does not affect the moving defendant. Plaintiff has failed to show that there was any intent by the moving defendant and the named insureds to include the plaintiff or anyone similarly situated to recover directly against the moving defendant by the terms of the said insurance policy.' There are no issues of fact to decide at a trial of this action. As a matter of law, the plaintiff is not a third-party beneficiary of said insurance policy.
*582 Accordingly, the motion for summary judgment in favor of the defendant, American Casualty Company of Beading, Pa., is granted, the complaint is dismissed as to said defendant, and judgment of dismissal may be entered accordingly. The action is deemed severed as against the remaining codefendants and may be continued.