**Winthrop J. ALLEGAERT, as Trustee of duPont Walston Incorporated, Plaintiff,**

v.

**H. Ross PEROT et al., Defendants.**

No. 75 Civ. 3214.

United States District Court, S. D. New York.

March 31, 1978.

Hughes, Hubbard & Reed, New York City, for plaintiff; Robert J. Sisk, George A. Davidson, Karen G. Lind, New York City, of counsel.

Weil, Gotshal & Manges, New York City, for H. Ross Perot; Peter Gruenberger, Henry Tashman, Irwin Warner, New York City, of counsel.

Leva, Hawes, Symington, Martin & Oppenheimer, Washington, D.C., for H. Ross Perot, EDS, duPont Glore Forgan; Richard Shlakman, Washington, D.C., of Counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant Stock Exchange; Stephen E. Kowitt, Russell E. Brooks, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Ten of the defendants, the so-called "Perot interests",[1] have moved to dismiss counts 1–3 of the complaint for failure to state a claim under Section 10(b) of the Exchange Act and Rule 10b–5 on the ground that no misrepresentation alleged could have been material or could have caused the damages claimed. The New York Stock Exchange, a defendant in counts 1 and 2 of the complaint, has moved to dismiss on the same ground.

The allegations of the complaint have previously been reviewed in *Allegaert v. Perot* (S.D.N.Y.1977), 434 F.Supp. 790, *affd.* (2d Cir. 1977), 565 F.2d 246, and in *Allegaert v. Perot* (2d Cir. 1977), 548 F.2d 432. In brief, the Trustee alleges that the Perot interests, who allegedly control duPont Glore Forgan ("DGF Inc."), made numerous omissions and misrepresentations which resulted in the Board of Directors of duPont Walston Inc. (Walston) approving a series of agreements with DGF Inc. pursuant to which the two companies, while maintaining their separate identities, realigned into a combined operation. The vote of the Walston Board of Directors was ten to nine in favor of the realignment agreements. Pursuant to these agreements Walston agreed to purchase shares of DGF Inc. In addition, Walston agreed that Charleston Investment Company, a corporation owned by Perot and his wife, could exchange non-voting preferred stock in Walston for a new series of stock with voting rights. This allegedly gave the Perots voting control of Walston. Within a year of the realignment, Walston was adjudicated a bankrupt. The Trustee has alleged that the omissions and misrepresentations made by the Perot interests as well as the Stock Exchange were part of a scheme to defraud Walston and constitute material misrepresentations actionable under Section 10(b) of the Ex-

1. H. Ross Perot, Electronic Data Systems Corporation, duPont Glore Forgan Incorporated [DGF Inc.], William K. Gayden, Morton H. Meyerson, Milledge A. Hart, III, Mervin L. Stauffer, PHM & Co., Charleston Investment Company and E. D. Systems Corporation.

change Act and Rule 10b–5 promulgated thereunder.

The thrust of the defendants' motions to dismiss is that since the complaint alleges that the ten directors who voted in favor of the realignment were co-conspirators and that each was aware of the misrepresentations alleged to have been made by the other defendants, the misrepresentations could not have been material. That is, under the theory of the Trustee's complaint, even if full disclosure had been made to others, these ten Directors would still have voted as they did, and the realignment would have been approved by the Walston Board by a majority of one. They further argue that nothing could have prevented the realignment from going into effect.

Responding to this argument, the Trustee concedes he has generally charged that all ten directors who voted in favor of the realignment were co-conspirators and were aware of the misrepresentations made by others, but he asserts that he was simply pleading in the alternative.[2] He points out that he has also alleged that at least two of these directors, De Tata and Doughty, were not part of the Perot interests, and that he has charged them with direct responsibility for only one of the numerous omissions and/or misrepresentations specifically alleged in the complaint. The Trustee has specifically alleged that these two directors' ultimate decision to vote in favor of the realignment was a result of the Perot interests' promise to give them certain benefits, and that they failed to disclose such promise. The Trustee argues, and we agree, that his method of pleading does not foreclose the possibility that these two directors were not aware of a number of the misrepresentations claimed to have been made by others, and that if full disclosure had been made, they would have foregone the benefits allegedly promised them and voted against the realignment. A change in one vote would have defeated that plan.

■ In view of the above, we cannot make a finding that under no set of facts which could be proved at trial would the Trustee be entitled to recovery. We therefore deny the defendants' motions to dismiss. See 2A Moore's Federal Practice ¶ 12.08 at 2274.[3]

■ The Perot defendants have also moved to dismiss count six of the complaint on the ground that there is no private right of action under § 17(a) of the Securities Act. The Second Circuit has left this question open. See *Exchange National Bank v. Touche Ross & Co.* (2d Cir. 1976) 544 F.2d 1126, 1137–8 n. 8. Several district court judges in this circuit have followed the decision of Judge Brieant in *Welch Foods Inc. v. Goldman, Sachs and Co.* (S.D.N.Y.1974) 398 F.Supp. 1393, 1399–1401 finding no private right of action. See *Koch v. Mosely* (E.D.N.Y. Dec. 19, 1977) 1977 Fed.Sec.L. Rep. ¶ 96,283 (Platt, J.); *Schlansky v. United Merchants and Mfgrs., Inc.* (S.D.N.Y. 1977) 443 F.Supp. 1054 (Werker, J.); *Architectural League v. Bartos* (S.D.N.Y.1975) 404 F.Supp. 304, 313 (Cooper, J.); *Berger v. Weis Securities* (S.D.N.Y. Jun. 27, 1975) Dkt. No. 74 Civ. 186 (unpublished opinion, Wyatt, J.). We, likewise, agree with Judge Brieant's reasoning and therefore dismiss count six of the complaint.

■ The "Perot defendants" with the exception of DGF Inc. and Charleston have also moved to dismiss count seven of the complaint for failure to state a claim under § 12(2) of the Securities Act on the ground

---

**2.** In view of our disposition of the motion on the grounds set forth *infra*, we need not reach the other issues which the parties addressed at great length in their papers and at oral argument.

**3.** In addition, we note that De Tata and Doughty, the two directors mentioned above, have submitted affidavits in support of pending motions to dismiss and/or for summary judgment in which they state the following: that their vote in favor of the realignment was not influenced by any offer of benefits made by or on behalf of the so-called "Perot interests", that no such offer was ever made to them, and that they did not in fact receive any benefits as a result of the realignment. These statements currently stand uncontradicted. If they turn out to be true, it enhances the possibility that full disclosure would have caused them to vote against the realignment.

that they are not alleged to be purchasers or sellers of securities. *Lorber v. Beebe* (S.D.N.Y.1975), 407 F.Supp. 279, 287–8, held that to state a claim under § 12(2) the plaintiff need only allege that the defendants controlled the immediate seller or participated in the sale as a co-conspirator or an aider and abettor. Defendants admit as much, but argue that although the plaintiff has alleged in other portions of the complaint that these defendants controlled the immediate sellers (apparently DGF Inc. and Charleston) that his failure to so allege in this count is fatal. We believe that the Trustee can state a claim but should replead this count to specify who the immediate sellers are, their liability for violating § 12(2), see *Dorfman v. First Boston Corp.* (E.D.Pa.1972) 336 F.Supp. 1089, and the other defendants' relationships to them.

Defendants have also moved to dismiss various counts of the complaint pursuant to Rule 9(b) of the Federal Rules of Civil Procedure for failure adequately to plead fraud.

Turning first to the counts claiming violations of the securities laws, we agree that the pleading must comply with Rule 9(b). For the reasons which follow, we believe that the Trustee has substantially complied with that rule.

■ The Trustee has argued, and we agree, that the specificity requirements of Rule 9(b) should be relaxed where the plaintiff is a Trustee in Bankruptcy. None of the cases on which the defendants rely involve a Trustee in Bankruptcy. Rather, many involve shareholder derivative suits where the courts have been particularly careful, as Professors Wright and Miller point out, "to insist on a reasonably high level of specificity" since "strike suits are especially common" and the courts "desire to be assured that the action has some merit." 5 C. Wright and Miller, Federal

Practice and Procedure § 1298 at 413 (1969). Here, on the contrary, we have a suit brought by a trustee appointed under the authority of a federal bankruptcy court which has authorized him to proceed with this suit, and to which he is responsible for the manner in which he exercises his authority.

■ In addition, less particularity is required where, as here, the plaintiff is not asserting that the fraud was committed against him but against a third party. See *Segal v. Gordon* (2d Cir. 1972), 467 F.2d 602, 607.[4] Rule 9(b) is also relaxed where, as here, the facts are peculiarly within the adverse parties' knowledge. *Id.* at 608.

■ Here, the Trustee is asserting that a third party, the bankrupt, has been defrauded. Cf. *Allegaert, supra* 548 F.2d at 435–6 (the trustee and the bankrupt are different legal entities.) The Trustee has no personal knowledge as to who made what statements to the many officers and directors of the bankrupt. With particular reference to the allegations before us the Second Circuit has already observed in *Allegaert, supra* 548 F.2d at 436–7:

"Unlike an operating business, the trustee employs no witnesses with knowledge of the relevant facts, and he has almost none of the relevant records. Under the Perot Plan, all 'back-office' functions—accounting, record keeping, etc.—were performed by DGF Inc., which is now also defunct."

In view of the above, we find the complaint sufficiently specific in pleading fraud.

Defendants have also moved pursuant to Rule 9(b) to dismiss counts which allege fraudulent transfers violative of the Bankruptcy Act and of New York Debtor and Creditor law. It is not clear whether Rule 9(b) is applicable to these counts since these do not require pleading an intent to defraud

---

4. Thus, in *Segal,* supra, 467 F.2d at 607, the court quoted with approval the following statement by Professors Wright and Miller:

"When the pleader is asserting that third persons have been defrauded, he may be unable to detail the claim and less particularity should be required. Thus simple allegations would suffice for claims of fraud . . . and primary reliance should be placed on the discovery process for uncovering factual details. . . ."

on the part of any defendant. However, even assuming that Rule 9(b) applies, we find the complaint sufficient for the reasons stated above, and decline to order its dismissal.

Finally, defendants have moved under Rule 12(e) for a more definite statement. We deny this motion at the present time since the Trustee is not in a position to offer a more definite statement without further discovery, and since each defendant is capable of framing an answer.

However, since we are not unmindful of the defendants' concerns, expressed in their Rule 9(b) motions, that the lack of specificity may cause unnecessary damage to their reputations, we shall direct that the Magistrate to which this case has been referred may, in her discretion after discovery proceedings have shed further light on the matters alleged in the complaint, order the Trustee to provide a more definite statement under Rule 12(e).

SO ORDERED.

Silverman & Harnes, New York City (Martin H. Olesh, New York City, of counsel), for plaintiff.

Casey, Lane & Mittendorf, New York City, for defendant Fleschner Becker Associates.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant Robert K. Stern.

Shea, Gould, Climenko, Kramer & Casey, New York City, for all other defendants.