Steven J. GLUSBAND, as Receiver for
Michael Starbuck, Inc. and
Associates, Plaintiff,

v.

FITTIN CUNNINGHAM LAUZON, INC.,
James J. Armenakis, as Receiver for
Michael Starbuck Inc., Michael Star-
buck Inc., John Starbuck, Paul Carmel,
Beverly Ann Mingola, Thomas J. Fittin,
Jr., Joseph Lauzon, Frank Earl Kunk-
er, III, Insurance Company of North
America, Inc., and National Grange
Mutual Insurance Company, Defend-
ants.

80 Civ. 7387 (JES).

United States District Court,
S.D. New York.

March 8, 1984.

Sage, Gray, Todd & Sims, New York City, for plaintiff; Stuart Krause, John F.X. Peloso, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant Ins. Co. of North America; William P. Sullivan, New York City, of counsel.

Lunney & Crocco, New York City, for defendants Fittin Cunningham Lauzon, Inc., Thomas J. Fittin, Jr. and Joseph Lauzon, Charles A. Crocco, Jr., Stephen P. McLaughlin, New York City, of counsel.

James J. Armenakis, New York City, for receiver for Michael Starbuck Inc.

Jeffrey S. Rovins, New York City, for defendant Beverly Ann Mingola.

Kleinberg, Kaplan, Wolff & Cohen, P.C., New York City, for defendant Frank Earl Kunker, III; Norris D. Wolff, Terri S. Feinstein, New York City, of counsel.

Leonard Sheft & Associates, New York City, for defendant Nat. Grange Mut. Ins. Co.; Susan Perrotta, New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff, as receiver for Michael Starbuck, Inc. and Associates ("Associates"), commenced this action to recover assets of Associates which were lost, allegedly due to the fraudulent activities of the defendants. Amended Complaint para. 15.

Associates is a limited partnership.[1] The defendants are James Armenakis, as receiver for Michael Starbuck, Inc. ("MSI"), the general partner of Associates; Fittin Cunningham Lauzon Inc. ("Fittin, Inc."), a broker and dealer in securities with whom Associates had a brokerage account; John Starbuck ("Starbuck"), an accounts executive and registered representative at Fittin, Inc. who allegedly effected transactions for the Associates account; Paul Carmel ("Carmel"), an accounts executive and registered representative for Associates employed by Fittin, Inc.; Beverly Ann Mingola ("Mingola"), a Fittin, Inc. and MSI employee; Thomas J. Fittin ("Fittin"), Chief Executive Officer and Compliance Officer of Fittin, Inc.; Joseph Lauzon ("Lauzon"), Chairman of the Board and Secretary of Fittin, Inc.; Frank Earl Kunker III ("Kunker"), manager of the Albany office of Fittin, Inc.; Insurance Company of North America ("INA"); and National Grange Mutual Insurance Company ("National Grange").[2]

Associates was formed in late 1977 for the purpose of investing in securities. MSI, the general partner, was an investment management corporation organized under the laws of New York, and at all relevant times was registered with the Securities and Exchange Commission ("SEC") as an Investment Advisor pursuant to section 203 of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b–1 to 80b–21. Amended Complaint para. 4. MSI was wholly owned by Michael Starbuck. Beginning in late 1977 MSI, allegedly with the help of Fittin, Inc., began to solicit investors to buy limited partnership interests in Associates. Some 270 persons invested approximately $2,920,225.00 in Associates. Amended Complaint paras. 19–20. The general partner, MSI, apparently exercised exclusive control over the management and

---

1. Defendants contend that Associates is not a legal limited partnership, alleging it was not organized in full compliance with the laws of the State of New York because all of the filings required by state law were not made. This fact, however, even if assumed to be true, would have no bearing on the federal claims asserted in this action. *See* pages 147–148, *infra*.

2. Michael Starbuck and Robert Starbuck were also named as defendants in the original complaint. A default judgment was entered against each of them on August 19, 1981, by Order of the Honorable Henry F. Werker, dated August 17, 1981.

business of Associates. Amended Complaint para. 6.

On January 11, 1980 the SEC commenced an action against Michael Starbuck, MSI, and Associates, alleging violations of section 5(a) and (c) and section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) & (c), 77q(a), and section 10(b) of the Securities Exchange Act of 1934 ("Securities Exchange Act"), 15 U.S.C. § 78j(b). Thereafter, the defendants entered into a consent judgment before Judge Werker, enjoining them from future violations of the securities laws, *see Final Judgment of Permanent Injunction and Order Appointing A Receiver and Granting Other Relief,* 80 Civ. 231 (HFW) (S.D.N.Y. Jan. 11, 1980). At the same time, Judge Werker appointed plaintiff as receiver for Associates. *Id.*[3]

Plaintiff commenced this action on December 29, 1980, seeking damages under sections 5(a), 5(c), 12(1), 12(2), 15 and 17(a) of the Securities Act, 15 U.S.C. §§ 77e(a) & (c), 77*l* (1) & (2), 77*o*, 77q; section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5; section 20(a) of the Securities Exchange Act, 15 U.S.C. § 78t; section 352 of New York's General Business Law; and for common law fraud, negligence, and breach of contract.

■ Defendants moved to dismiss plaintiff's fraud allegations for failure to plead fraud with the requisite particularity, as prescribed by Fed.R.Civ.P. 9(b), and to dismiss the negligence claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.[4] The insurance company defendants INA and National Grange moved separately to dismiss the complaint against them for lack of privity. Defendants also disputed plaintiffs standing and capacity to bring this action, on the ground that it is not in fact a legal partnership, *see* note 1, *supra.*

## CAPACITY AND STANDING TO SUE[5]

■ Given the broad equity powers conferred upon a receiver pursuant to 28 U.S.C. § 754, and by Judge Werker's Order,[6] it is clear that plaintiff has capacity to bring any action which Associates, as an entity, could have brought. It is also clear that certainly with respect to the federal

---

**3.** Initially, plaintiff was appointed receiver for Associates and for MSI, and brought this action on behalf of both entities. Due to possible conflicts of interest, Judge Werker relieved plaintiff of his duties as receiver for MSI on July 30, 1982, and appointed James Armenakis as receiver for MSI. *See Order,* 80 Civ. 231 (HFW) (S.D.N.Y. July 30, 1982). Thereafter, plaintiff realigned MSI as a defendant in the instant action, by amending the original complaint.

**4.** Defendants have also suggested in their motion papers that plaintiff fails to state a claim under the federal securities laws because no security is involved in the transactions complained of. The Court concludes, however, that the limited partnership interests sold to investors in Associates were securities. The limited partners entered into a contract and invested in a common enterprise from which they expected to receive a profit solely due to the efforts of the general partner, MSI, which had exclusive management authority and responsibility over the partnership's business. This satisfies the established test for determining when an investment contract is a security. *See Securities and Exchange Commission v. Howey Co.,* 328 U.S. 293, 299, 66 S.Ct. 1100, 1103, 90 L.Ed. 1244 (1946); *Forman v. Community Services, Inc.,* 500 F.2d

1246, 1253 (2d Cir.1974), *rev'd sub nom., United Housing Foundation, Inc. v. Forman,* 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621 (1975); *Hirsch v. duPont,* 396 F.Supp. 1214, 1228 (S.D.N.Y.1975). *See generally* Limited Partnership Agreement, Articles XI and XII, Exhibit A to Amended Complaint.

**5.** The Court addresses here only the issue of standing to bring the federal claims asserted in the amended complaint. Defendants have not challenged, and the Court therefore does not consider, plaintiffs' standing to bring any of the state law claims.

**6.** Judge Werker's Order provides that plaintiff has the power, as receiver, *inter alia,* to take and preserve all assets of Associates, and to make an accounting of all assets and liabilities of Associates, and that plaintiff has "full power to prosecute all claims, choses-in-action and suits in equity" on behalf of Associates, "in order to represent and protect the interests of the Receivership." *Final Judgment of Permanent Injunction and Order Appointing A Receiver and Granting Other Relief,* at 3–4, 80 Civ. 231 (HFW) (Jan. 11, 1980).

law claims, plaintiff's capacity to sue under state law is irrelevant.

Under Fed.R.Civ.P. 17(b), "a partnership *or other unincorporated association*" (emphasis added), which has no capacity to sue under the law of the state in which the district court sits, "may sue or be sued ... for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States, ..." Therefore, regardless of state law, Associates, as either a partnership or merely an unincorporated association, and hence the Receiver on its behalf, has the capacity to bring its federal claims in this court, *see, e.g., Commodity Futures Trading Commission v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1482 (10th Cir. 1983), *rev'g on other grounds*, [1980–82 Transfer Binder] Com.Fut.L.Rep. (CCH) ¶ 21,458 at 26,173 (D.Colo. August 30, 1982); *cf. Porter v. Sabin*, 149 U.S. 473, 478, 13 S.Ct. 1008, 1010, 37 L.Ed. 815 (1893); *United States v. Franklin National Bank*, 512 F.2d 245, 248 (2d Cir.1975), so long as it has suffered a "distinct and palpable injury", *Watt v. Energy Action Educational Foundation*, 454 U.S. 151, 161, 102 S.Ct. 205, 212, 70 L.Ed.2d 309 (1981); *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), which is "fairly traceable" to the defendants' conduct. *Watt*, 454 U.S. at 161, 102 S.Ct. at 212; *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 261, 97 S.Ct. 555, 561, 50 L.Ed.2d 450 (1977).

■ Plaintiff alleges that Associates suffered the depletion of partnership assets due to the fraud of defendants. To the extent that plaintiff sufficiently alleges that Associates has suffered such an injury it is asserting Associates' own rights and not those of third parties. *See Warth*, 422 U.S. at 499, 95 S.Ct. at 2205; *Armstrong v. McAlpin*, 699 F.2d 79, 89 (2d Cir.1983); *Chilcott*, [1980–82 Transfer Binder] Com.Fut.L.Rep. at 26,172 & 26,175; *Canut v. Lyons*, 450 F.Supp. 26, 29 (C.D.Cal.1977). However, it is equally clear that plaintiff has no standing to assert claims which belong solely to the limited partners in Associates, *i.e.*, claims for any damages caused by their being fraudulently induced by defendants to purchase limited partnership interests in Associates.

## SUFFICIENCY OF PLAINTIFF'S CLAIMS

Although the Court has determined that plaintiffs have standing to bring federal claims arising out of injuries to the partnership itself, it does not follow that the federal claims asserted in the amended complaint are legally sufficient. With respect to many of these claims, plaintiff must also sufficiently allege that it is a purchaser of a security within the meaning of the securities laws. This plaintiff has failed to do so. While the limited partnership interests referred to in the complaint are "securities," plaintiff was not a purchaser of those securities and the complaint refers to no other securities which plaintiff allegedly purchased. As a consequence, the claims enumerated in the third, fourth, fifth and sixth counts of the amended complaint must be dismissed.[7]

■ Count four alleges damages due to defendants' violations of sections 5(a), 5(c) and 12(1) of the Securities Act. Section 12, which expressly creates a private right of action for violations of section 5, specifically states that one who sells a security in violation of section 5 shall be liable in damages to *the purchaser* of the security.[8]

---

**7.** Defendants also claim that most, if not all claims made in the fourth, fifth and sixth counts of the amended complaint are barred by the applicable statute of limitations. Because the Court finds that plaintiff has no standing to bring these claims, it is unnecessary to reach that issue.

**8.** Section 12(1), provides in pertinent part:

Any person who—
  (1) offers or sells a security in violation of Section 77(e) [Section 5] of this title, ...
  \*    \*    \*    \*    \*    \*
Shall be liable *to the person purchasing such security from him,* who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security .... (emphasis added)

Because Associates was not the purchaser of the limited partnership interests, Associates, and hence plaintiff, as its receiver, has no claim against defendants under sections 5(a), 5(c) or 12(1). The fifth count alleges damages due to violations of section 12(2) of the Securities Act, and the sixth count alleges damages pursuant to section 15 of the Securities Act. Under both section 12(2)[9] and section 15[10] only purchasers of a security may sue. Therefore, plaintiff may not properly bring a cause of action on behalf of Associates under either sections 12(2) or 15 of the Securities Act.

Finally, the third count alleges damages pursuant to section 17(a) of the Securities Act.[11] While the Second Circuit has held that a private right of action will lie under section 17(a), *see Kirshner v. United States of America*, 603 F.2d 234, 241 (2d Cir.1978), it has also held that only purchasers may sue under section 17(a). *See, e.g., Adato v. Kagan*, 599 F.2d 1111, 1115 (2d Cir.1979); *Superintendent of Insurance of New York v. Bankers Life and Casualty Company*, 430 F.2d 355, 359 (2d Cir.1970), *rev'd on other grounds*, 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971). Therefore, plaintiff may not properly bring an action on behalf of Associates under section 17(a).

## FAILURE TO PLEAD FRAUD WITH THE REQUISITE PARTICULARITY

[6, 7] Plaintiff also alleges fraud in violation of section 10(b) of the Securities Exchange Act and the regulations promulgated thereunder.[12]

---

*See also Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 736, 95 S.Ct. 1917, 1925, 44 L.Ed.2d 539 (1975) (dictum).

9. Section 12(2) provides, in pertinent part:
   Any person who—
   (2) Offers or sells a security ..., by means of a prospectus or oral communication, which includes an untrue statement of material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), ... shall be liable *to the person purchasing such security from him,* who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security .... (emphasis added)
   *See also Blue Chip Stamps*, 421 U.S. at 736, 95 S.Ct. at 1925.

10. Section 15 provides in pertinent part:
    Every person who .... controls any person liable under section ... 77*l* of this title, shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable ....
    Section 15 presumes the plaintiff has a claim against the so-called "controlled person" under section 12, 15 U.S.C. § 77*l*. Because Associates has no standing to sue under section 12, which is limited to purchasers, neither does Associates have standing to sue under section 15.

11. Section 17(a) provides:
    (a) It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly—
    (1) to employ any device, scheme, or artifice to defraud, or
    (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
    (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

12. Defendants contend that plaintiff's claims under sections 10(b) and 20(a) of the Securities Exchange Act fail to state a claim for which relief may be granted, because Associates, and hence plaintiff, cannot sue under the federal securities laws. The Supreme Court has recognized a private right of action under section 10(b) and Rule 10b–5. *See, e.g., Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 196, 96 S.Ct. 1375, 1382, 47 L.Ed.2d 668 (1976); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730, 95 S.Ct. 1917, 1922, 44 L.Ed.2d 539 (1975); *Superintendent of Insurance v. Bankers Life & Casualty Company*, 404 U.S. 6, 13 n. 9, 92 S.Ct. 165, 169 n. 9, 30 L.Ed.2d 128 (1971). Furthermore, both purchasers and sellers may sue under section 10(b) and Rule 10b–5. *Blue Chip Stamps*, 421 U.S. at 749, 95 S.Ct. at 1931; *Superintendent of Insurance of New York v. Bankers Life and Casualty Company*, 430 F.2d 355, 359 (2d Cir.1970), *rev'd on other grounds*, 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971); *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461, 463 (2d Cir.), *cert.*

Fed.R.Civ.P. 9(b) provides that "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." Defendants contend that the fraud allegations in plaintiff's amended complaint fail to meet this standard.

■ In *Decker v. Massey-Ferguson, Limited*, 681 F.2d 111 (2d Cir.1982), the Second Circuit emphasized that generalized allegations of fraud are insufficient. *Id.* at 116; *see also Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir.1972). Therefore, a complaint must be dismissed if it "fails to provide an adequate factual substantiation for its accusations and fails to concretize acceptably the alleged fraud," 681 F.2d at 118, and does not "specifically allege the acts or omissions upon which" the claim rests. *Ross v. A.H. Robins Company, Inc.*, 607 F.2d 545, 557 (2d Cir.1979); *see Decker*, 681 F.2d at 121. Plaintiff must set forth with particularity "acts indicating an intent to deceive, manipulate, or defraud," *Decker*, 681 F.2d at 115, *citing Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 192 n. 7, 96 S.Ct. 1375, 1380 n. 7, 47 L.Ed.2d 668 (1976). *See also Crystal v. Foy*, 562 F.Supp. 422 (S.D.N.Y.1983).[13]

Although plaintiff's amended complaint may contain some sufficient allegations of fraud, those allegations refer to frauds perpetrated against the limited partners of Associates, rather than against the partnership itself. As noted above, the receiver has no standing to sue for damages to the limited partnership investors.[14]

■ The amended complaint is bereft of sufficient specific factual allegations demonstrating that a fraud was committed against Associates, which caused damage to the assets of the partnership itself. In fact, it is not even clear from the amended complaint what the precise nature of the fraud allegedly committed against Associates is, nor are any specific facts alleged which support any inference of knowledgeable participation in that fraud by each defendant. *See Ross*, 607 F.2d at 558. Without such allegations, the amended complaint must be dismissed for failure to comply with Rule 9(b).

On oral argument, however, counsel for plaintiff articulated to the Court additional facts which he asserted could be pleaded in a second amended complaint, that might well satisfy the requirements of Rule 9(b). Therefore, in view of the liberal standard for amending pleadings set forth in Fed.R. Civ.P. 15(a), the Court will dismiss plain-

denied, 343 U.S. 956, 72 S.Ct. 1051, 96 L.Ed. 1356 (1952). Plaintiff therefore clearly may sue for a violation of section 10(b).

As to section 20(a), plaintiff has not cited any authority supporting standing, nor has defendant cited any authority denying standing. Since the Court has granted plaintiff leave to replead, the parties shall address the issue of standing under section 20(a), if appropriate, with respect to the second amended complaint.

13. Plaintiff has argued that where, as here, the plaintiff is a receiver, the standard of particularity and specificity required by Rule 9(b) should be "relaxed," citing *Allegaert v. Perot*, 78 F.R.D. 427, 430 (S.D.N.Y.1978) (plaintiff a trustee in bankruptcy). The rationale behind this argument is that a receiver, like a trustee, has no personal knowledge of the facts, and that actions by trustees or receivers are not the kind of strike suits which Rule 9(b) was designed to prevent by requiring particularized allegations of fraud. *See id.* Furthermore, plaintiff cites *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir.1972) for the proposition that the particularity required of fraud allegations may be relaxed where plaintiff asserts a fraud committed upon a third party, or where the facts are particularly within the knowledge of the adverse party.

Without deciding whether such a relaxed standard should apply in this case, the Court finds that plaintiff's amended complaint would not satisfy even this lesser standard. In *Segal*, a shareholder's derivative action, the Second Circuit noted that, even where the plaintiff has no personal knowledge of facts and is allowed to plead upon information and belief, as in this case, the complaint must be accompanied by a statement of the facts upon which the belief is founded. 467 F.2d at 608. And in *Armstrong v. McAlpin*, 699 F.2d 79 (2d Cir.1983), an action brought by a receiver of a mutual fund, the Second Circuit applied Rule 9(b) as interpreted under *Decker*, without any mention of a relaxed standard because the plaintiff was a receiver. *Cf. Garner v. Enright*, 71 F.R.D. 656, 659 (E.D.N. Y.1976) (while particularity standard may be relaxed were fraud against a third party is alleged, the particularity requirement is not eliminated).

14. *See* pages 149–150, *supra.*

tiff's fraud claims without prejudice and with leave to replead those claims.[15]

## PLAINTIFF'S NEGLIGENCE CLAIM

Plaintiff has alleged that certain conduct of the defendants Fittin, Inc., MSI, Starbuck, Carmel, Mingola, Fittin, Lauzon, Kunker, INA and National Grange, constitute negligence with respect to Associates. Defendants attack these allegations as failing to state a claim upon which relief can be granted, and move to dismiss the negligence allegations pursuant to Fed.R.Civ.P. 12(b)(6). Defendants contend that plaintiff's amended complaint at best states only a claim of negligent misrepresentation to the limited partners, and that Associates, as a distinct entity, has no such claim.

Under the law of New York, a negligence claim will survive a motion to dismiss for failure to state a claim where plaintiff pleads "the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by" plaintiff. *Becker v. Schwartz*, 46 N.Y.2d 401, 410, 386 N.E.2d 807, 811, 413 N.Y.S.2d 895, 899 (1978). More specifically, New York law requires plaintiff to plead (1) a duty owing from defendant to plaintiff; (2) a breach of that duty by defendant; and (3) damages suffered by plaintiff as a proximate result of the defendant's breach. *See, e.g., Barr v. County of Albany*, 69 A.D.2d 914, 915, 415 N.Y.S.2d 471, 473 (3rd Dept.1979), *modified on other grounds*, 50 N.Y.2d 247, 406 N.E.2d 481, 428 N.Y.S.2d 665 (1980); *Donohue v. Copiague Union Free School District*, 64 A.D.2d 29, 32, 407 N.Y.S.2d 874, 877 (2d Dept.1978), *aff'd*, 47 N.Y.2d 440, 391 N.E.2d 1352, 418 N.Y.S.2d 375 (1979).

In order to sufficiently state a negligence claim against any of the defendants, plaintiff must allege a factual predicate from which the Court can infer that Associates was damaged by that defendant's negligent conduct. While it is true that averments of negligence need not meet the strict particularity requirements of Fed.R.Civ.P. 9(b) and need only comply with the more liberal pleading requirements of Fed.R.Civ.P. 8, *see Conley v. Gibson*, 355 U.S. 41, 45–46, 47–48, 78 S.Ct. 99, 101–102, 103, 2 L.Ed.2d 80 (1957); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980); that circumstance does not render plaintiff's amended complaint sufficient with respect to the negligence claims. Even assuming arguendo that the negligence allegations made are sufficient under Rule 8, plaintiff still must sufficiently allege that the limited partnership itself, as opposed to the limited partners, was damaged by defendant's negligent conduct. This the amended complaint fails to do. Therefore the negligence claims as presently drafted are insufficient.

At oral argument, however, counsel for plaintiff informed the Court of additional facts which could be pleaded in a second amended complaint which might satisfy these requirements. Therefore, plaintiff's negligence claims, like the fraud claims, are dismissed without prejudice and with leave to replead.

## THE CLAIMS AGAINST THE INSURANCE COMPANY DEFENDANTS

Plaintiff's amended complaint also includes claims against two insurance companies, INA and National Grange, for breach of contract arising out of indemnity bonds issued to the general partner MSI by the insurance companies[16] which covered loss-

---

**15.** Certain of plaintiff's allegations state that various defendants aided and abetted the commission of fraud. Defendants have moved to dismiss the aiding and abetting claims. In view of the Court's holding that the allegations of fraud are insufficient there is no need to pass upon that contention until the second amended complaint is filed. Suffice it to say that these allegations will have to meet the clear standards enumerated in this Circuit for aiding and abet-

ting claims. *See, e.g. Armstrong v. McAlpin*, 699 F.2d 79, 91 (2d Cir.1983); *Decker*, 681 F.2d at 119.

**16.** INA issued a Brokers Blanket Bond on March 1, 1978, and National Grange issued a Fidelity Schedule Bond on August 16, 1977. Amended Complaint paras. 55–56.

es due to, *inter alia*, the fraudulent or dishonest acts of MSI employees. Plaintiff claims that since these bonds were intended to be for the benefit of Associates and the investors in Associates, the insurance companies have breached the terms of the policies by refusing to pay the proceeds of those policies to Associates, and by failing to represent Associates in the instant action.

INA and National Grange have moved to dismiss these claims pursuant to Fed.R. Civ.P. 12(b)(6), claiming that there is no privity between Associates and the insurance companies, and that the policies at issue were not intended to be for the benefit of Associates or the limited partners. INA and National Grange argue that the type of bonds involved here indemnify only the insured itself against loss, and do not encompass liability to third parties, *see, e.g., 175 East 74th Corp. v. Hartford Accident & Indemnity Co.,* 51 N.Y.2d 585, 592–93, 416 N.E.2d 584, 587, 435 N.Y.S.2d 584, 587–88 (1980). Furthermore, they assert that a third party cannot enforce an insurance contract unless it clearly appears that the contract was intended to be for the benefit of that third party, *see, e.g., Tomaso, Feitner & Lane, Inc. v. Brown,* 4 N.Y.2d 391, 393, 151 N.E.2d 221, 222, 175 N.Y.S.2d 73, 75 (1958); *Bernal v. Pinkerton's Inc.,* 52 A.D.2d 760, 760, 382 N.Y.S.2d 769, 770 (1st Dept.1976), *aff'd,* 41 N.Y.2d 938, 363 N.E.2d 362, 394 N.Y.S.2d 638 (1977). They assert further that this is clearly not the case here because the policies at issue do not state in any form that they are to benefit, nor were they ever intended to benefit, Associates or the limited partners. *See, e.g., Skinner Bros. Mfg. Co. v. Shevlin Engineering Co.,* 231 A.D. 656, 659, 248 N.Y.S. 380 (1st Dept.1931), *aff'd,* 257 N.Y. 562, 178 N.E. 795 (1931); *Mars v. Flatiron Services, Inc.,* 34 Misc.2d 579, 581, 226 N.Y.S.2d 247, 250.

Defendants INA and National Grange also contend that under the common law of New York, an injured party such as Associates has no right of action directly against an insurer, *see, e.g., Thrasher v. U.S. Liability Insurance Co.,* 19 N.Y.2d 159, 166, 225 N.E.2d 503, 506, 278 N.Y.S.2d 793, 798 (1967); *Spier v. American Surety Co.,* 270 N.Y. 596, 597, 1 N.E.2d 347, 347 (1936), because there is no privity between the plaintiff and the insurers, *see Mars v. Flatiron Services, Inc.,* 34 Misc.2d 579, 580, 226 N.Y.S.2d 247, 249 (N.Y.Co.Ct., Special Term 1962); *Burke v. London Guarantee & Accident Co.,* 47 Misc. 171, 173, 93 N.Y.S. 652, 653 (N.Y.Sup.Ct.1905), *aff'd,* 126 A.D. 933, 110 N.Y.S. 1124 (2d Dept. 1908), *aff'd mem.,* 199 N.Y. 557, 93 N.E. 1117 (1910). They claim, therefore, that in no event may plaintiff sue the insurer until the injured party has obtained a judgment against the insured and that judgment remains unsatisfied for thirty (30) days, *see* N.Y.Insurance Law § 167.1(b); *Thrasher,* 19 N.Y.2d at 166, 225 N.E.2d at 506, 278 N.Y.S.2d at 798.

Plaintiff replies that in fact Associates and its investors were intended beneficiaries under the insurance contracts, and that furthermore this action fits within a narrow exception under New York law which allows a direct action against an insurer before judgment has been obtained against the principal insured. Plaintiff contends that this exception applies where the circumstances evidence a clear intent to protect the third party, despite the fact that they are not directly named on the bond, *see Newin Corp. v. Hartford Accident and Indemnity Co.,* 37 N.Y.2d 211, 219, 333 N.E.2d 163, 167, 371 N.Y.S.2d 884, 891 (1975); *McClare v. Massachusetts Bonding & Ins. Co.,* 266 N.Y. 371, 375, 195 N.E. 15, 16 (1935), and that this issue may not therefore be properly resolved on a motion to dismiss. The Court agrees.

The New York Court of Appeals has stated that, even where an indemnity bond is involved, "it is the intent of the parties as revealed in the 'circumstances under which the bond was written' ... that governs the legal result, not the formal label which is inserted at the top of the document. The mere absence in a contract of any provision either excluding or including such coverage does not necessarily pre-

clude proof that unnamed third-party beneficiaries were intended to be benefited; ..." *Newin*, 37 N.Y.2d at 219, 333 N.E.2d at 168, 371 N.Y.S.2d at 891, *citing Daniel-Morris Co. v. Glens Falls Ind. Co.*, 308 N.Y. 464, 468, 126 N.E.2d 750, 752 (1955). Thus, in a case where the plaintiff sufficiently alleged third party beneficiary status, even where that status was not apparent from the bond itself, the Court of Appeals held that a motion to dismiss should be denied. 37 N.Y.2d at 219, 333 N.E.2d at 168, 371 N.Y.S.2d at 891.

The Court is not persuaded by defendants argument that this exception applies under the law of New York only where a quasi-regulatory or official body of the State requires that a bond be obtained to protect creditors. *See Reply Memorandum of Defendants Insurance Company of North America and National Grange Mutual Insurance Company* 6–10 (May 2, 1983); *Transcript of Oral Argument on December 28, 1983* at 66–67. For this reason it is not clear as a matter of law that Associates cannot bring these claims against INA and National Grange. Therefore, defendants motion to dismiss is denied.

### CONCLUSION

Plaintiff's amended complaint is dismissed, with leave to file a second amended complaint within thirty days of the date of this Opinion and Order. Any motions directed to the Second Amended Complaint shall be filed in accordance with a scheduling order to be proposed by the parties and submitted to the Court.

It is SO ORDERED.