OPINION OF THE COURT
F. Dana Winslow, J.
Petitioner Travelers Indemnity Company of Illinois, sued herein as Travelers Property Casualty, moves pursuant to CPLR 2221 to renew and reargue the prior decision and order of this court dated November 1, 2004 (the prior order) wherein this court denied Travelers’ petition to permanently stay arbitration or, in the alternative, to join Utica Mutual Insurance Company and Alexander Cruz-Colon as additional respondents.
This matter arises out of an automobile accident that occurred on June 3, 2003, between a vehicle owned and operated by Travelers’ insured Kristine Ciambra, and a vehicle owned and operated by Cruz-Colon, which was allegedly insured by Utica. On or about January 22, 2004, Utica disclaimed coverage of the accident on grounds that Cruz-Colon had breached his obligation to cooperate as set forth in the subject policy of insurance.
On the basis of this disclaimer, respondent Kristine Ciambra made a claim for payment pursuant to the supplemental uninsured/underinsured motorist (SUM) endorsement for the Travelers policy. Her demand for arbitration of that claim prompted the instant proceeding. In the prior order, this court denied Travelers’ application to stay arbitration on grounds that it had not raised an issue of fact requiring a hearing on the issue of offending vehicle coverage. (See Matter of Prudential Prop. & Cas. Ins. Co. v Mortise, 178 AD2d 646 [1991].) The court neither relieved the offending vehicle insurer from its ultimate burden to prove the validity of its disclaimer, nor considered the nature of such burden. (See Thrasher v United States Liab. Ins. Co., 19 NY2d 159 [1967].) Rather, the court considered whether or not such burden must be met as a condition precedent to arbitration of respondent’s SUM claim. In deciding not, the court reasoned that a SUM insured (as opposed to an insured under the compulsory uninsured motorist scheme) should not have to await a judicial determination of the validity of the offending vehicle insurer’s disclaimer when he or she has paid a premium for the right of prompt recovery from his or her own insurer.
Travelers now timely moves to reargue and renew on grounds that the court erred in shifting the evidentiary burden back to *844 Travelers to raise an issue of fact requiring a hearing on offending vehicle coverage, particularly since any evidence regarding the validity of Utica’s disclaimer (e.g., Utica’s efforts to elicit its insured’s cooperation) would be available only to Utica. Travelers cites a recent Appellate Division, Second Department, case, decided after the prior order, which granted a stay of uninsured motorist arbitration based upon the offending vehicle insurer’s failure to demonstrate that it met the requirements set forth in Thrasher. (See Matter of Eveready Ins. Co. v Mack, 15 AD3d 400 [2005].) Further, Travelers argues that the court overlooked the exhaustion requirement contained in Insurance Law § 3420 (f) (2).
Although Travelers has not strictly complied with the formal requirements of CPLR 2221 (f), the court finds that Travelers has set forth a proper basis for reargument and renewal, and leave to do so is granted. Upon reconsideration, the court is persuaded, if not compelled, to follow the Second Department in Eveready. The court notes that Eveready assumes, without explicit discussion or determination, that the issue of the validity of the offending vehicle insurer’s disclaimer must be adjudicated prior to arbitration. In fact, the court below had held a hearing on that issue prior to denying the stay of arbitration.
The court believes that Eveready is distinguishable because it dealt with an uninsured motorist (UM) claim, as opposed to a SUM claim. As discussed in the prior order, recent authority supports the proposition that SUM coverage is intended to be broader than that afforded under the compulsory uninsured motorist scheme. Nonetheless, the court recognizes that shifting the evidentiary burden back to petitioner to disprove the validity of another insurer’s disclaimer, as a prerequisite to obtaining a hearing on the issue, raises a virtually insurmountable obstacle to obtaining a stay of arbitration. Conversely, determining the issue of coverage as a preliminary matter obviates the need for a postarbitration subrogation action and avoids potentially inconsistent results. Accordingly, in the interest of fairness and economy, the court finds that a hearing is warranted to determine the validity of the offending vehicle insurer’s disclaimer, prior to proceeding with UM/SUM arbitration.
It is, therefore, ordered that Travelers’ motion to reargue and renew the prior order pursuant to CPLR 2221 is granted, and, upon reargument and renewal, Travelers’ motion for a stay of arbitration is granted in part, as follows: (i) to the extent that *845 Travelers seeks a temporary stay of arbitration pending a hearing on the question of offending vehicle coverage, the motion is granted; and (ii) to the extent that Travelers seeks a permanent stay of arbitration, or discovery in aid of arbitration, the motion is adjourned pending the hearing and determination on the question of coverage. It is further ordered that Utica and Cruz-Colon are hereby added as necessary parties (see CPLR 1001), provided that Travelers obtains jurisdiction over such parties pursuant to CPLR article 3 by service of a copy of this order and all papers upon which it is based no later than 20 days after entry.