Scileppi, J.
Defendant, United States Liability Insurance Company, insured one Henry Kelley under a New York standard, ■minimum liability, automobile policy. Kelley loaned his automobile to plaintiff Morgan’s intestate, James Morgan, who, in *163 turn, invited plaintiff Thrasher for a ride during which Kelley was not present. During the course of this .ride, the car crashed into an embankment on the Bronx Biver Parkway, injuring both Thrasher and Morgan.
In September, 1962 Thrasher commenced an action against Kelley alleging Morgan’s negligence in the operation of the car. The insured, Kelley, was contacted in December, 1962 by one of the defendant’s investigators at 981 Teller Avenue, Bronx, New York, Kelley signed a statement admitting that he had loaned his car to Morgan, and he executed a nonwaiver agreement. Thereafter, on April 24,1963, the law firm of Glatzer, Glatzer & Evans sent Kelley a letter by certified mail informing him that they had been retained by the defendant to represent him. The letter also stated that it may be necessary for the defendant to contact Kelley on short notice, so it was important for him to keep them informed of any change of address. This letter was received by Kelley at 981 Teller Avenue.
In April, 1963 Morgan commenced an action against Kelley alleging that Kelley had loaned him a vehicle with defective brakes and had neglected to warn him of the same.
The action of Thrasher against Kelley was placed on the non-jury calendar of Supreme Court, New York County, in June, 1963.
Late in November, 1963, when the Thrasher action reached the ready day calendar, Kelley’s attorneys made a motion to consolidate the Thrasher and Morgan actions. The motion was unopposed by plaintiffs’ attorneys, and the actions were consolidated on December 27,1963. In the meantime, all parties stipulated that the consolidated actions should be tried before a jury.
On December 13, 1963 an investigator was assigned to contact Kelley and have him come to his attorneys ’ office for a conference. The investigator’s efforts to locate the insured were limited to visiting Kelley’s last known address at 981 Teller Avenue on two different occasions; telephoning Kelley’s last known employer and obtaining from him an address at 317 E. 162nd Street; visiting the 317 E. 162nd Street address; telephoning Morgan and his attorney to ask their help in locating Kelley, and checking some bars in the area of 169th Street and Boston Boad. The investigator visited the Department of Motor *164 Vehicles and asked a clerk for Kelley’s address. He was told that such information was supplied only pursuant to written requests. No written request was ever submitted by the investigator.
On the 14th of January, 1964, Kelley’s attorneys sent a letter to him at 981 Teller Avenue and 317 E. 162nd Street by certified mail informing him that the trial in the actions of Thrasher v. Kelley and Morgan v. Kelley would commence on January 15, 1964, and it was essential that he appear and testify. These letters were returned marked 1 ‘ Undeliverable ’ ’ and “ Unclaimed ”.
On the day the trial commenced, Kelley’s attorneys requested the Gillman Service to serve a subpoena on Kelley. Gillman returned the subpoena to Kelley’s attorneys on January 17 marked “ Correct address 317 E. 162 Not home 3 tries ”..
The trial of the consolidated actions commenced on January 15, 1964. At this time, Kelley’s attorneys requested an adjournment to give them more time to locate Kelley. They also stated that, if the case were tried and a verdict returned against them, the insurance company would disclaim liability. Plaintiffs’ counsels objected to an adjournment on the ground that the defendant had until now marked the calendar ready. Furthermore, they requested Kelley’s counsel to immediately disclaim liability on behalf of the insurance company if they were going to disclaim, rather than wait until the trial was completed. This request was refused. The motion for an adjournment was denied and the case proceeded to trial.
At the conclusion of plaintiffs’ case, plaintiff Thrasher made a motion to amend Ms pleadings to the proof. The motion was granted and Thrasher amended Ms complaint to allege that the cause of the accident was defective brakes rather than Morgan’s negligent operation of the vehicle. At the conclusion of defendant’s case, the court requested the insurance company to disclaim immediately if they were going to disclaim. This request was refused by Kelley’s attorneys on the ground that the insurance company had no reason for disclaiming at that point. •
On January 20, 1964 a verdict was rendered in favor of Thrasher for $40,000 and in favor of Morgan for $10,000. Plaintiffs’ counsel served notice of entry of judgment upon *165 Glatzer, Glatzer & Evans on February 5, 1964. On February 6, 1964 Glatzer, Glatzer & Evans wrote to plaintiffs’ counsel informing them that the United States Liability Insurance Company was disclaiming liability because of Kelley’s failure to co-operate.
On June 11, 1964 plaintiffs, Morgan and Thrasher, instituted this action pursuant to section 167 (subd. 1, par. [b]) of the Insurance Law * against the defendant, United States Liability Insurance Company.
The defendant, represented by the same firm of Glatzer, Glatzer & Evans, interposed the single defense of a valid disclaimer of liability based upon Kelley’s failure to co-operate.
The validity of the disclaimer was tried without a jury. The trial court held that the defendant’s attempts to locate Kelley were superficial and, therefore, the disclaimer was not valid. A judgment in the sum of $10,075 was entered in favor of Thrasher and one for the sum of $10,000 was entered in favor of Morgan.
These judgment were unanimously reversed by the Appellate Division. The Appellate Division held that the record amply established that Kelley “ violated the co-operation agreement contained in the insurance policy and that the defendant’s efforts to effect his co-operation were sufficient to sustain its disclaimer”. In addition, the Appellate Division reversed the judgments on the ground that the plaintiffs failed to serve notice of entry upon the defendant as required by section -167 (subd. 1, par. [b]).
The Appellate Division was of the opinion that the service of notice of entry on Glatzer, Glatzer & Evans did not constitute service on the defendant, and, therefore, the plaintiffs’ complaint was jurisdictionally defective. Other courts have also taken the position that the failure to serve notice of entry of judgment, as required by section 167 (subd. 1, par. [b]), leaves the courts without jurisdiction to entertain the suit (Fortis v. *166 Glens Falls Ins. Co., 23 A D 2d 88, affd. on other grounds 18 N Y 2d 779; McNamara v. Allstate Ins. Co., 3 A D 2d 295; Clark v. Utica Mut. Ins. Co., 31 Misc 2d 1005; Lang v. Merchants Mut. Cas. Co., 203 Misc. 258). These cases exemplify an improper use of the term jurisdiction.
Subject matter jurisdiction has been defined as the u power to adjudge concerning the ge'neral question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question” (Hunt v. Hunt, 72 N. Y. 217, 229). The Supreme Court is a court of general jurisdiction, and it is competent to entertain all causes of actions unless its jurisdiction has been specifically proscribed (N. Y. Const., art. VI). A direct action suit against an insurer provided for by section 167 (subd. 1, par. [b]) of the Insurance Law is a cause of action which was unknown to the common law (Royal Ind Co. v. Travelers Ins. Co., 244 App. Div. 582, affd. 270 N. Y. 574). Once the Legislature created the cause of action, jurisdiction to entertain it automatically vested in the Supreme Court by virtue of article VI of the Constitution. The plaintiffs’ failure to plead and prove that notice of entry of judgment had been served on the insured and the insurer did not affect the Supreme Court’s competence to entertain the suit. The plaintiffs’ failure to do so only affected the Supreme Court’s power to render a judgment on the merits in plaintiffs’ favor because they failed to state a cause of action upon which relief could be granted (CPLR 3211, subd. [a], par. 7). In other words, notice of entry of judgment is a substantive element of the cause of action and not a jurisdictional element (Price v. Allstate Ins. Co., 12 A D 2d 911; Sandak v. Allstate Ins. Co., 202 N. Y. S. 2d 47). Therefore, if the Appellate Division was correct in its judgment that the service of notice of entry upon G-latzer, Giatzer & Evans did not comply with the statutory requirement that the insurance company be served, it should have reversed the judgment of the Supreme Court on the grounds that the plaintiffs failed to state a complaint upon which relief can be 'granted, rather than on the ground that the complaint was jurisdictionally defective.
Section 167 (subd. 1, par. [b]) requires the service of notice of entry of judgment upon the insured or Ms attorney and upon the insurer. The Appellate Division noted that, while the statute *167 provides for alternative service in the case of the insured, it makes no such provision in the case of the insurer. Therefore, reasoned the Appellate Division, compliance with the statute requires service on the insurer. This reasoning begs the question, viz., does service upon an attorney retained by the insurer to defend the insured constitute service upon the insurer? The statute requires service upon the insurer in order to give it notice that a judgment has been rendered against its insured for which the insurer may ultimately be liable if it remains unsatisfied for a period of 30 days. Since the statute does not specifically provide a method for giving such notice, any method of service which is reasonably calculated to do so ought to be sufficient to comply with the statutory requirement (Fortis v. Glens Falls Ins. Co., supra). While service upon an officer of the insurance company may be preferable to service upon an attorney retained by the insurance company, it cannot be said that the service upon the attorney is not reasonably calculated to give notice. We hold, therefore, that the service of notice of entry of judgment upon Giatzer, Giatzer & Evans fulfilled the requirements of section 167 (subd. 1, par. [b]) of the Insurance Law.
Although Giatzer, Giatzer & Evans were technically representing Kelley, in reality they were representing the interest of the insurance company (Oltarsh v. Aetna Ins. Co., 15 N Y 2d 111, 118-119; Bearor v. Kapple, 24 N. Y. S. 2d 655, 658-659; cf. Bennett v. Troy Record Co., 25 A D 2d 799). The law maintains the fiction that the insured is the real party in interest at the trial of the underlying negligence action in order to protect the insurance company against overly sympathetic juries (see Leotta v. Plessinger, 8 N Y 2d 449, 461-462). Once a judgment has been rendered, however, and a suit is subsequently brought against the insurance company, the reason for the fiction no longer exists for the factor of insurance is now one of the essential elements of the pending cause of action (see Oltarsh v. Aetna Ins. Co., supra, p. 118). To hold that service on the attorney retained by the insurance company does not constitute service upon the insurer only serves to perpetuate this fiction. That it is fiction is abundantly demonstrated by the present ease. The services of Giatzer, Giatzer & Evans were retained and paid for ¡by the insurer. They had complete control *168 of the defense in the negligence action. The investigator who attempted to locate Kelley was employed by Glatzer, Glatzer & Evans. All the requests for a disclaimer of liability prior to and during the trial of the negligence action were directed not to the insurance company but to Kelley’s attorneys. When the insurance company finally disclaimed liability one day after the notice of entry had been served upon Glatzer, Glatzer & Evans, they did so by a letter written by these attorneys on the law firm’s own stationery. Lastly, in this suit on the judgment, the insurance company was represented by this same firm rather than by their own house counsel.
The Appellate Division was also of the opinion that the judgment of the Supreme Court should be reversed because the record amply established that the defendant’s efforts to effect Kelley’s co-operation were sufficient to sustain his disclaimer. We disagree.
The burden of proving lack of co-operation of the insured is placed upon the insurer (Insurance Law, § 167, subd. 5). Since the defense of lack of co-operation penalizes the plaintiff for the action of the insured over whom he has no control, and since the defense frustrates the policy of this State that innocent victims of motor vehicle accidents be recompensed for the injuries inflicted upon them (Wallace v. Universal Ins. Co., 18 A D 2d 121, affd. 13 N Y 2d 978; Kehoe v. Motorists Mut. Ins. Co., 20 A D 2d 308, 310; Vehicle and Traffic Law, § 310, subd. [2]), the courts have consistently held that the burden of proving the lack of co-operation is a heavy one indeed. Thus, the insurer must demonstrate that it acted diligently in seeking to bring about the insured’s co-operation (Amatucci v. Maryland Cas. Co., 25 A D 2d 583; Rosen v. United States Fid. & Guar. Co., 23 A D 2d 335 [overruled on other grounds by Matter of Vanguard Ins. Co. (Polchlopek), 18 N Y 2d 376]; National Grange Mut. Ins. Co. v. Lococo, 20 A D 2d 785, affd. 16 N Y 2d 585; Kehoe v. Motorists Mut. Ins. Co., supra); that the efforts employed by the insurer were reasonably calculated to obtain the insurer’s co-operation (National Grange Mut. Ins. Co. v. Lococo, supra; Wallace v. Universal Ins. Co., supra); and that the attitude of the insured, after his co-operation was sought, was one of “willful and avowed obstruction” (Coleman v. *169 New Amsterdam Cas. Co., 247 N. Y. 271, 276; American Sur. Co. v. Diamond, 1 N Y 2d 594). In our opinion, the insurer failed to act diligently in seeking Kelley’s co-operation and failed to employ reasonable efforts in locating Kelley.
The defendant disclaimed on the ground that Kelley’s testimony was essential to its defense against the allegation that the cause of the accident was defective brakes. When Thrasher commenced his action against Kelley in September of 1962 alleging Morgan’s negligent operation of Kelley’s vehicle, the defendant contacted Kelley and had him sign a statement. Morgan commenced his action against Kelley in April of 1963 alleging that the brakes were defective. The defendant, however, made no attempt to contact Kelley until after it had moved for a consolidation of the Morgan and Thrasher actions in December, 1963.
Furthermore, once the investigator learned that Kelley no longer resided at the Teller Avenue address, his efforts to learn of his whereabouts were feeble indeed. He called Kelley’s employer on the phone, but he did not visit bim or attempt to talk to any of Kelley’s fellow employees. The investigator solicited Morgan’s and his attorney’s aid in locating Kelley, but they were under no obligation to assist him. The Motor Vehicle Department was visited, but no written request for Kelley’s address was ever submitted. Neighborhood bars were checked, but no checks were made at neighborhood stores or cleaning establishments, etc. No check was made at the Board of Elections and no credit reports were sought from the available credit agencies. Letters were sent to Kelley one day before the trial commenced, and attempts were made to serve a subpoena once the trial began. It is significant, however, that, after the subpoenas were returned indicating that Kelley’s correct address had finally been ascertained, no further attempts were made to locate Kelley.
Finally, we find that the evidence does not support the conclusion that Kelley willfully obstructed the defendant’s efforts to defend the action. Kelley cannot be accused of willful obstruction unless he knew that the defendant wanted him to testify at the trial. The evidence presented by the insurance company to support their contention that Kelley knew the investigator *170 was looking for him is equivocal, at best, and does not discharge the defendant’s burden of proving that Kelley’s attitude was one of ‘ ‘ willful and avowed obstruction ’ ’.
It is our opinion that the Appellate Division erred in holding that the complaint was jurisdietionally defective; that service on Grlatzer, Grlatzer & Evans did not constitute service on the defendant, and that the record amply sustains the validity of the defendant’s disclaimer.
Accordingly, the order of the Appellate Division should be reversed and the judgment of the Supreme Court, New York County, reinstated, with costs in this court and in the Appellate Division.
Chief Judge Fuld and Judges Burke, Bergan, Keating and Breitel concur with Judge Scileppi; Judge Van Voorhis dissents and votes to affirm upon the ground that the evidence establishes as a matter of law that the insured violated the conditions of the policy by refusing to co-operate and that, under the circumstances of this case, the insurer did not waive the right to disclaim by defending the action in the absence of the insured.
Order reversed, etc.

 Section 167 (subd. 1, par. [b]) provides:
“ [No liability policy shall be issued unless it contains:] (b) A provision that in ease judgment against the insured * * * shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may * * * be maintained against the insurer under the terms of the policy” (emphasis added).