FOURTH DEPARTMENT, OCTOBER, 1967

(October 19, 1967)

FRANK COLEMAN, Appellant-Respondent, v. NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Respondent-Appellant, and PETER PELLEGRINE, SR., et al., Respondents.

Memorandum: Pellegrine commenced an action against Bell Pine Stores for injuries sustained when he was struck by a door being opened by Bell Pine's employee, appellant Coleman, to make possible a delivery of eggs to Bell Pine's market. The latter commenced a third-party action against Coleman for indemnification on the theory of active-passive negligence, service of process being effected at Coleman's place of employment by his employer's attorney, Hewitt. At the time of service Coleman signed a letter, prepared by Hewitt, by which he gave notice of the claim being asserted against him to National Grange, the insurer of the truck by which the eggs were being delivered, and asked to be defended by the company. His request rests upon the claim that he is an additional insured under the standard loading and unloading clause which is contained in the policy. On the single occasion when an investigator for the insurer contacted appellant, the latter — following instructions given him by attorney Hewitt not to discuss the matter with anyone — declined to make a statement concerning the accident but referred the investigator to Hewitt. The investigator did not — as was his usual custom

—explain to appellant the consequences of non-co-operation and made no attempt to secure the assistance of Hewitt in obtaining a statement from appellant even though Hewitt had only a few days earlier indicated his willingness to co-operate with the insurer in the litigation arising out of Pellegrine's injury. Instead, the insurer on the day following the interview sent appellant a letter refusing to provide defense for the third-party action. The record does not support Trial Term's determination sustaining the insurer's defense of non-co-operation. Before such a defense has been made out the insurer must establish that it acted diligently in seeking to bring about the insured's co-operation and that the attitude of the insured, after his co-operation was sought, was one of " 'willful and avowed obstruction' ". (*Thrasher* v. *United States Liab. Ins. Co.*, 19 N Y 2d 159, 168.) In the present case National has established neither of these elements. The effort of its investigator to obtain a statement falls far short of the diligent action required of the company and appellant's declination to discuss the accident with the investigator and his referral to the attorney Hewitt do not reflect an attitude of willful and avowed obstruction. There is no indication that appellant consciously intended to impede the insurer's investigation; he was merely following the advice of his employer's attorney who he said was representing him. Nowhere is there any evidence of a false statement about the accident made to the carrier, as in *State Farm Mut. Auto. Ins. Co.* v. *Brown* (21 A D 2d 742), or a change of position by the insured to the detriment of the insurer such as was held to constitute a breach of the co-operation clause in *Lumbermens Mut. Cas. Co.* v *Goldwasser* (7 A D 2d 849). The fact that appellant had not volunteered a statement to the insurer up to the date of trial of the present action does not establish non-co-operation. After the insurer had disclaimed liability under the policy the insured's duty to comply with the co-operation clause of the policy ceased. (*Sherri* v. *National Sur. Co.*, 243 N. Y. 266, 272–273; *Beckley* v. *Otsego County Farmers Coop. Fire Ins. Co.*, 3 A D 2d 190, 194.) Upon this record, National has failed to meet the heavy burden of proving lack of co-operation by the insured. Since the proof amply supports Trial Term's finding that the accident was within the coverage of the loading and unloading clause (*Wagman* v. *American Fid. & Cas. Co.*, 304 N. Y. 490), appellant is entitled to a declaration that National is bound to defend him in the third-party action brought by Bell Pine and to pay any judgment that may be rendered against him within the policy limits. (Appeals from certain parts of judgment of Erie Trial Term dismissing complaint in declaratory judgment action on insurance policy.) Present — Bastow, J. P., Henry, Del Vecchio and Marsh, JJ.