In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v ROODLYF BRESIL et al., Respondents. [777 NYS2d 174]—

In a proceeding pursuant to CPLR article 75 to permanently stay an uninsured motorist arbitration, the petitioner appeals from an order of the Supreme Court, Kings County (Silverman, J.H.O.), dated August 5, 2003, which, after a hearing, denied the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is granted, and the arbitration is permanently stayed.

The respondent Countryway Insurance Company, formerly known as Agway Insurance Company (hereinafter Countryway), disclaimed coverage to its insured, the respondent Jacques C. Albert, inter alia, on the ground of his lack of cooperation, in accordance with the terms of its policy. The petitioner commenced this proceeding to permanently stay the uninsured motorist arbitration claim of its insured on the ground that the other vehicle involved in the accident was insured. After a hearing, the Supreme Court found that Albert had failed to cooperate with Countryway and that Countryway had properly disclaimed coverage.

An insurer who seeks to disclaim coverage on the ground of noncooperation is required to demonstrate that (1) it acted diligently in seeking to bring about the insured's cooperation, (2) the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction (*see Thrasher v United States*

*Liab. Ins. Co.*, 19 NY2d 159, 168-169 [1967]; *New York State Ins. Fund v Merchants Ins. Co. of N.H.*, 5 AD3d 449 [2004]; *Matter of Metlife Auto & Home v Burgos*, 4 AD3d 477 [2004]).

Here, Countryway failed to establish that it met the above requirements. While Albert initially declined to answer any questions and provided Countryway with the telephone number of his attorney, other than sending a letter to Albert's attorney, Countryway's investigator made no other efforts to secure the attorney's assistance in procuring Albert's examination under oath. Thus, Countryway failed to establish that its actions were sufficiently diligent and were reasonably calculated to obtain Albert's cooperation (*see Matter of Statewide Ins. Co. v Ray*, 125 AD2d 573 [1986]; *Van Opdorp v Merchants Mut. Ins. Co.*, 55 AD2d 810 [1976]; *Alexander v Stone*, 45 AD2d 216 [1974]; *Coleman v National Grange Mut. Ins. Co.*, 28 AD2d 1073 [1967]; *National Grange Mut. Ins. Co. v Lococo*, 20 AD2d 785 [1964], *affd* 16 NY2d 585 [1965]). Furthermore, Albert's refusal to answer questions and his referral to his attorney do not reflect an attitude of willful and avowed obstruction (*see Coleman v National Grange Mut. Ins. Co., supra*; *see also Matter of Empire Mut. Ins. Co.*, 36 NY2d 719 [1975]).

Since Countryway failed to establish a right to disclaim coverage on the ground of lack of cooperation, the petition to permanently stay the uninsured motorist arbitration claim of the petitioner's insured should have been granted. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.