■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v GRETA MACK, Respondent. GENERAL ASSURANCE COMPANY, Proposed Additional Respondent. [790 NYS2d 48]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Lodato, J.H.O.), dated May 6, 2004, which, after a hearing, denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is stayed.

On March 28, 2002, the respondent, Greta Mack, was involved in an automobile accident with a vehicle owned by Diogenes Nunez and operated by Israel Serrano (hereinafter the Nunez vehicle). At the time of the accident, Mack's vehicle was insured by the petitioner Eveready Insurance Company (hereinafter Eveready). The Nunez vehicle was insured by the proposed additional respondent General Assurance Company (hereinafter General Assurance).

On July 9, 2002, General Assurance disclaimed coverage on the basis that Nunez "failed to report this loss and cooperate with us in the investigation, settlement or defense of this claim." On September 10, 2003, Mack filed a demand for arbitration against Eveready. Thereafter, Eveready commenced the instant proceeding to stay the arbitration. Following a hearing on the issue of General Assurance's disclaimer based on lack of cooperation, the Supreme Court denied the petition. Specifically, the Supreme Court found that General Assurance met its burden of proving Nunez' lack of cooperation. We reverse.

An insurance carrier that seeks to disclaim coverage on the ground of lack of cooperation "must demonstrate that it acted diligently in seeking to bring about the insured's co-operation . . . that the efforts employed by the insurer were reasonably calculated to obtain the insure[d]'s co-operation . . . and that the attitude of the insured, after his co-operation was sought, was one of 'willful and avowed obstruction' " (*Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168-169 [1967], quoting *Coleman v New Amsterdam Cas. Co.,* 247 NY 271, 276 [1928]; *see also New York State Ins. Fund v Merchants Ins. Co. of N.H.,* 5 AD3d 449, 450 [2004]; *Matter of Metlife Auto & Home v Burgos,* 4 AD3d 477 [2004]).

Here, General Assurance failed to demonstrate that it met the requirements set forth in *Thrasher* to disclaim coverage on the ground of lack of cooperation (*see Matter of New York Cent. Mut. Fire Ins. Co. v Bresil,* 7 AD3d 716 [2004]). Thus, the Supreme Court erred in denying the petition. Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.