■ UTICA FIRST INSURANCE COMPANY, Respondent, v ARKEN, INC., et al., Defendants, and C&M HOLDING CORPORATION et al., Appellants. [795 NYS2d 640]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Arken, Inc., in an underlying action entitled *Furtado v C&M Holding Corp.,* pending in the Supreme Court, Kings County, under index No. 49192/99, the defendants C&M Holding Corporation and Town Sports International, Inc., appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated January 22, 2004, which granted the plaintiff's motion for summary judgment and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry

of a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Arken, Inc., in the underlying action entitled *Furtado v C&M Holding Corp.,* pending in the Supreme Court, Kings County, under index No. 49192/99.

An insurer who seeks to disclaim coverage on the ground of noncooperation is required to demonstrate that (1) it acted diligently in seeking to bring about the insured's cooperation, (2) its efforts were reasonably calculated to obtain the insured's cooperation, and (3) the attitude of the insured, after its cooperation was sought, was one of willful and avowed obstruction (*see Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 168-169 [1967]; *Matter of New York Cent. Mut. Fire Ins. Co. v Bresil,* 7 AD3d 716 [2004]).

In this instance, the plaintiff and the law firm it retained to represent the defendant Arken, Inc. (hereinafter Arken), made diligent efforts, by means of correspondence and numerous telephone calls, which were reasonably calculated to bring about Arken's cooperation. Furthermore, the evidence supports the conclusion that the insured willfully obstructed the plaintiff's defense of the underlying litigation. By verbal instruction and written correspondence, the insured was made fully aware of its contractual obligation to cooperate in defending the litigation (*see State Farm Fire & Cas. Co. v Imeri,* 182 AD2d 683 [1992]).

The appellants' remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not obligated to defend and indemnify Arken in the underlying action (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.