■ In the Matter of COUNTRY-WIDE INSURANCE COMPANY, Appellant, v WENDY HENDERSON et al., Respondents. [856 NYS2d 184]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Marano, J.H.O.), dated February 5, 2007, which, after a hearing, denied the petition.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On April 8, 2005 the respondent Wendy Henderson was involved in an automobile accident with a vehicle owned and operated by additional respondent Kessel Pierre Charles (hereinafter the Pierre Charles vehicle). At the time of the accident, Henderson's vehicle was insured by the petitioner, Country-Wide Insurance Company (hereinafter Country-Wide). The Pierre Charles vehicle was insured by respondent Travelers Indemnity Insurance Company (hereinafter Travelers). By letters dated May 23, 2005 and May 25, 2005, Travelers informed Pierre Charles that it was disclaiming coverage due to his failure to cooperate with their investigation. Henderson filed a demand for uninsured motorist arbitration with Country-Wide. Thereafter, Country-Wide commenced the instant proceeding to permanently stay arbitration, and Pierre Charles and Travelers were named as respondents. Following a hearing on the issue of Travelers' disclaimer based upon lack of cooperation, the Supreme Court denied the petition, finding that the disclaimer was valid. We reverse.

The sole evidence presented by Travelers to the Supreme

Court in support of its noncooperation disclaimer was an affidavit from an investigator within its special investigations unit who had no personal knowledge of the efforts made to locate Pierre Charles. The affidavit merely recited the apparent efforts of an unnamed investigator and attached copies of letters to Pierre Charles from a claims representative. The affidavit was based entirely upon hearsay evidence with no proof that it fell within any exception to the hearsay rule, e.g., the business records exception. As such, it was inadmissible and failed to provide a sufficient basis for the Supreme Court to determine the validity of Travelers' disclaimer (*see generally Nucci v Proper,* 95 NY2d 597, 602-603 [2001]; *Westchester Med. Ctr. v Countrywide Ins. Co.,* 45 AD3d 676 [2007]; *Northeast Caissons v Columbus Constr. Corp.,* 268 AD2d 512 [2000]; *Rosenthal v Allstate Ins. Co.,* 248 AD2d 455, 456-457 [1998]).

In any event, Travelers failed to demonstrate that it met the requirements set forth in *Thrasher v United States Liab. Ins. Co.* (19 NY2d 159 [1967]) to disclaim coverage based upon the insured's lack of cooperation. The heavy burden of proving a lack of cooperation is on the insurer (*id.* at 168). "An insurer who seeks to disclaim coverage on the ground of noncooperation is required to demonstrate that (1) it acted diligently in seeking to bring about the insured's cooperation, (2) its efforts were reasonably calculated to obtain the insured's cooperation, and (3) the attitude of the insured, after its cooperation was sought, was one of willful and avowed obstruction" (*Utica First Ins. Co. v Arken, Inc.,* 18 AD3d 644, 645 [2005]; *see Thrasher v United States Liab. Ins. Co.,* 19 NY2d at 168-169).

Here, while Travelers' efforts in attempting to locate Pierre Charles and sending correspondence to him demonstrate that it acted diligently in trying to secure his cooperation, Travelers failed to demonstrate that its efforts were reasonably calculated to bring about his cooperation. While the affidavit of Travelers' investigator correctly showed that the surname of their insured was "Pierre Charles," the correspondence from the claims representative and the Department of Motor Vehicles and Board of Elections search requests in both New York City and Nassau County incorrectly gave "Kessel" as the surname. Under such circumstances, it cannot be said that the efforts employed, even if diligently undertaken, were reasonably calculated to bring about Pierre Charles' cooperation.

Regarding the third prong of the *Thrasher* test, that the attitude of the insured be one of willful and avowed obstruction, it is highly questionable that Pierre Charles ever received notice of the disclaimer from Travelers as a result of the incorrect

name identification. Moreover, even if he had received notice, mere efforts by the insurer and mere inaction on the part of the insured, without more, are insufficient to establish non-cooperation as "the inference of non-co-operation must be practically compelling" (*Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.]*, 36 NY2d 719, 721 [1975]; *see Matter of New York Cent. Mut. Fire Ins. Co. v Bresil*, 7 AD3d 716, 717 [2004]).

Since Travelers failed to establish a right to disclaim coverage on the ground of lack of cooperation, the petition to permanently stay Henderson's uninsured motorist arbitration claim should have been granted. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.