08-4933-cv
Muka v. Murphy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

_____At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
       _Circuit Judges._

----------------------------------------------------------------------------

BETTY O. MUKA,
       _Plaintiff-Appellant,_

     v.                         No. 08-4933-cv

JAMES P. MURPHY, JAMES A. MEGGESTO,
       _Defendants-Appellees._

----------------------------------------------------------------------------

APPEARING FOR APPELLANT:     BETTY O. MUKA, _pro se_, Ithaca, New York.

FOR APPELLEES:     Andrew M. Cuomo, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, Robert M. Goldfarb, Assistant

Solicitor General, Albany, New York, *for James P. Murphy*.

Heather R. La Dieu, Meggesto, Crossett & Valerino, LLP, Syracuse, New York, *for James A. Meggesto*.

Appeal from the United States District Court for the Northern District of New York (Neal P. McCurn, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 3, 2008, is AFFIRMED.

Pro se plaintiff Betty O. Muka sued New York Supreme Court Justice James P. Murphy, who presided over a suit against Muka, and attorney James A. Meggesto, who represented her adversary in that suit, for violations of her civil rights. See 42 U.S.C. §§ 1981, 1983, 1985, 1986. She now appeals principally from the dismissal of her complaint,[1] a ruling we review de novo, liberally construing the pro se complaint, accepting its factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor. See Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008); Vietnam Ass'n for Victims of

---

[1] Plaintiff's notice of appeal indicates that she also appeals from the district court's September 3, 2008 order (1) declining to reconsider that court's denial of plaintiff's April 24, 2008 motion for a temporary restraining order enjoining Justice Murphy from taking any further action in the state court proceedings; and (2) denying her August 18, 2008 motion for Judge McCurn's recusal. The former issue is now moot because the state court proceedings have concluded. See, e.g., United States v. Miller, 14 F.3d 761, 764 (2d Cir. 1994). We conclude that the district court did not abuse its discretion in denying the latter motion, as its only basis was plaintiff's disagreement with the court's earlier ruling. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

2

Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Claims Against Justice Murphy

    a.    Damages

Plaintiff submits that the district court erred in concluding that Justice Murphy was entitled to judicial immunity because he allegedly acted outside the scope of his jurisdiction. We disagree. To the extent plaintiff seeks money damages, it is well-established that judges enjoy absolute immunity "'for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)); accord Bliven v. Hunt, 579 F.3d 204, 209-10 (2d Cir. 2009). In Tucker v. Outwater, we distinguished between a judge's exercise of an "'excess of jurisdiction,'" which is subject to immunity, and the "'clear absence of all jurisdiction over the subject matter,'" which is not. 118 F.3d 930, 933 (2d Cir. 1997) (quoting Stump v. Sparkman, 435 U.S. at 356 n.6). When, as in this case, "'jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case.'" Tucker v. Outwater, 118 F.3d at 933-34 (emphasis omitted) (quoting Stump v. Sparkman, 435 U.S. at 356 n.6).

Plaintiff does not dispute that the New York Supreme Court is vested with general jurisdiction. See N.Y. Const. art. VI, § 7; Thrasher v. U.S. Liab. Ins. Co., 19 N.Y.2d 159, 166, 278 N.Y.S.2d 793 (1967) ("The Supreme Court is a court of general jurisdiction, and it is competent to entertain all causes of actions unless its jurisdiction has been specifically proscribed."). Rather, she argues that the supreme court never obtained jurisdiction over the suit naming her as a defendant because, under the New York Civil Practice Law and Rules, "[a]n action is commenced by filing a summons and complaint," Appellant's Br. at 20 (quoting N.Y. C.P.L.R. § 304(a)), not by filing an order to show cause. Whatever its merits in light of statutory provisions for special proceedings to be commenced by filing, inter alia, an order to show cause, see N.Y. C.P.L.R. §§ 304(a), 402, 403(d), this argument nevertheless concerns "precisely the kind of 'procedural errors,' . . . that do not deprive a judge of subject matter jurisdiction – or judicial immunity." Tucker v. Outwater, 118 F.3d at 936 (quoting Stump v. Sparkman, 435 U.S. at 359). Accordingly, the district court correctly dismissed Muka's claim for damages against Justice Murphy.

b. Injunctive Relief

While absolute judicial immunity does not extend to suits for prospective injunctive relief, see Shmueli v. City of New York, 424 F.3d 231, 239 (2d Cir. 2005), plaintiff's claims are nevertheless barred by the Rooker-Feldman doctrine, which deprives federal courts of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

4

district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Plaintiff's claim also fails on the merits because 42 U.S.C. § 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable," and plaintiff has made no such allegation here.

### 2. Claim Against Meggesto

Plaintiff submits that the district court erred in dismissing the conspiracy claim against Meggesto sua sponte on a ground Meggesto did not argue, despite the court's acknowledgment that Meggesto's arguments were irrelevant. This point merits little discussion. A district court's ability sua sponte to dismiss a complaint that lacks a basis in law or fact is well-established. See Fitzgerald v. First E. Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000). While we construe the pro se complaint liberally, see Boykin v. KeyCorp, 521 F.3d at 214, plaintiff's vague and conclusory allegations plainly fail to state a civil rights claim with a basis in fact under 42 U.S.C. §§ 1981, 1983, or 1985. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (requiring plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also Brown v. City of Oneonta, 221 F.3d 329, 339 (2d Cir. 2000); Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999); Spear v. Town of W. Hartford,

5

954 F.2d 63, 68 (2d Cir. 1992). Accordingly, we conclude that the district court properly

dismissed plaintiff's claim against Meggesto.

We have considered plaintiff's other arguments on appeal and conclude that they are

without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By: _____