■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent, v JOY FLETCHER et al., Respondents, and GLOBAL LIBERTY INSURANCE COMPANY OF NEW YORK, Appellant. [48 NYS3d 173]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the additional respondent Global Liberty Insurance Company of New York appeals from a judgment of the Supreme Court, Kings County (Sunshine, Ct. Atty. Ref.), dated January 15, 2016, which, after a hearing, granted the petition to permanently stay arbitration.

Ordered that the judgment is affirmed, with costs.

On June 16, 2013, a vehicle operated by the respondent, Joy Fletcher, collided with a vehicle owned by the additional respondent BMC Auto, Inc. (hereinafter BMC), and operated by the additional respondent Otabek Abduahadov. The additional respondent Global Liberty Insurance Company of New York (hereinafter Global) disclaimed coverage to its insured, BMC, on the ground of lack of cooperation, in accordance with the terms of its policy. Fletcher then sought uninsured motorist benefits pursuant to a policy of insurance issued by the petitioner, Government Employees Insurance Company. Thereafter, the petitioner commenced this proceeding to permanently stay the arbitration. Following a framed issue hearing concerning the validity of Global's disclaimer, the Supreme Court granted the petition and permanently stayed the arbitration. Global appeals.

"An insurer who seeks to disclaim coverage on the ground of noncooperation is required to demonstrate that (1) it acted diligently in seeking to bring about the insured's cooperation, (2) its efforts were reasonably calculated to obtain the insured's cooperation, and (3) the attitude of the insured, after its cooperation was sought, was one of willful and avowed obstruction" (*Utica First Ins. Co. v Arken, Inc.*, 18 AD3d 644, 645 [2005]; *see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 168 [1967]; *Matter of Country-Wide Ins. Co. v Henderson*, 50 AD3d 789, 790 [2008]; *Matter of New York Cent. Mut. Fire*

*Ins. Co. v Bresil*, 7 AD3d 716, 716 [2004]). "[M]ere efforts by the insurer and mere inaction on the part of the insured, without more, are insufficient to establish non-cooperation as 'the inference of non-co-operation must be practically compelling' " (*Matter of Country-Wide Ins. Co. v Henderson*, 50 AD3d at 791, quoting *Matter of Empire Mut. Ins. Co. [Stroud—Boston Old Colony Ins. Co.]*, 36 NY2d 719, 722 [1975]).

Here, Global established that it made diligent efforts that were reasonably calculated to obtain the cooperation of BMC and Abduahadov (*see Matter of Country-Wide Ins. Co. v Henderson*, 50 AD3d at 790; *Utica First Ins. Co. v Arken, Inc.*, 18 AD3d at 645). However, Global failed to demonstrate that the conduct of BMC and Abduahadov constituted "willful and avowed obstruction" (*Matter of New York Cent. Mut. Fire Ins. Co. v Bresil*, 7 AD3d at 716; *see Coleman v National Grange Mut. Ins. Co.*, 28 AD2d 1073, 1074 [1967], *affd* 23 NY2d 836 [1969]).

Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration of the uninsured motorist claim. Balkin, J.P., Leventhal, Roman and LaSalle, JJ., concur.