■ JANE DELUCA, Respondent, v RLI INSURANCE COMPANY, Appellant. [60 NYS3d 291]—

In an action for a judgment declaring that the defendant is obligated to pay damages to the plaintiff in connection with a judgment obtained against ML Specialty Construction, Inc., in an underlying action entitled *DeLuca v Ilyas,* commenced in the Supreme Court, Kings County, under index No. 25539/2006, the defendant appeals from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 20, 2015, as denied its cross motion for summary judgment declaring that it is not so obligated. ·

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced a prior action against, among others, ML Specialty Construction, Inc. (hereinafter MLSC), to recover damages to her property allegedly caused by construction work performed by MLSC on a neighboring property. At the time the work was performed, MLSC was insured under a commercial general liability policy issued by the defendant. MLSC notified the defendant of the plaintiff's claim and the defendant retained counsel to defend MLSC in the underlying action.

The defendant claims that, after cooperating with counsel for approximately five years of litigation, including appearing for a deposition, MLSC stopped cooperating. The defendant disclaimed coverage on this basis, and MLSC's counsel withdrew from the case. Subsequently, MLSC defaulted in the underlying action, and after an inquest, the plaintiff obtained a judgment against MLSC. The plaintiff then commenced the instant action for a judgment declaring that the defendant is obligated to pay her damages in connection with the judgment obtained against MLSC. As relevant to this appeal, the defendant cross-moved for summary judgment declaring that it was not so obligated. The Supreme Court denied the cross motion.

"An insurer who seeks to disclaim coverage on the ground of noncooperation is required to demonstrate that (1) it acted diligently in seeking to bring about the insured's cooperation, (2) its efforts were reasonably calculated to obtain the insured's cooperation, and (3) the attitude of the insured, after its cooperation was sought, was one of willful and avowed obstruction" (*Utica First Ins. Co. v Arken, Inc.,* 18 AD3d 644, 645 [2005]; *see Thrasher v United States Liab. Ins. Co.,* 19 NY2d

159, 168 [1967]). " '[M]ere efforts by the insurer and mere inaction on the part of the insured, without more, are insufficient to establish non-cooperation' " (*Matter of Government Empls. Ins. Co. v Fletcher*, 147 AD3d 940, 941 [2017], quoting *Matter of Country-Wide Ins. Co. v Henderson*, 50 AD3d 789, 791 [2008]).

Here, the defendant failed to meet its prima facie burden of demonstrating MLSC's noncooperation. In that respect, the defendant failed to submit proof in admissible form (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *JP Morgan Chase Bank, N.A. v RADS Group, Inc.*, 88 AD3d 766, 767 [2011]). The principal proof the defendant submitted regarding MLSC's alleged affirmative refusal to cooperate was letters from the attorneys then defending MLSC and investigation reports and emails from a company hired by the defendant to perform investigation services. The letters, reports, and emails set forth statements allegedly made by MLSC's president, which the defendant contends demonstrates MLSC's unwillingness to cooperate. While the defendant correctly contends that the statements attributed to MLSC's president were not offered for their truth, such that they would not constitute hearsay, the letters and investigation reports themselves, reporting that the statements were made by MLSC's president and reciting their content, are offered for their truth, and therefore constitute hearsay (*see generally People v Kass*, 59 AD3d 77 [2008]; *Stern v Waldbaum, Inc.*, 234 AD2d 534 [1996]). The defendant has not shown that any exception to the hearsay rule applies. Accordingly, this evidence was not in admissible form.

The defendant also proffered an affidavit from the president of the investigation company, which contains a conclusory assertion that its efforts to obtain MLSC's cooperation were unsuccessful. This was insufficient to meet the defendant's "heavy burden" of demonstrating noncooperation (*Matter of Country-Wide Ins. Co. v Henderson*, 50 AD3d 789, 790 [2008]).

The defendant's failure to establish its prima facie entitlement to judgment as a matter of law required the denial of its cross motion, regardless of the sufficiency of the plaintiff's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.