Robinson v Global Liberty Ins. Co. of N.Y. (2018 NY Slip Op 06128)





Robinson v Global Liberty Ins. Co. of N.Y.


2018 NY Slip Op 06128


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-06023
 (Index No. 24380/12)

[*1]Keith Robinson, et al., appellants, 
v
Global Liberty Ins. Co. of New York, respondent.


Wellerstein & Associates, P.C., Maspeth, NY (Mary J. Joseph of counsel), for appellants.
Carman, Callahan & Ingham, LLP, Farmindgale, NY (Tracy S. Reifer of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that Global Liberty Ins. Co. of New York is obligated to indemnify Cherubin Noel and Okey Onwuzurulke in an underlying action entitled Robinson v Noel, commenced in the Supreme Court, Kings County, under Index No. 2190/09, Keith Robinson and Antonio Bethea appeal from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated April 12, 2016. The order denied the motion of Keith Robinson and Antonio Bethea for summary judgment on the complaint and granted the cross motion of Global Liberty Ins. Co. of New York for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, the motion of Keith Robinson and Antonio Bethea for summary judgment on the complaint is granted, the cross motion of Global Liberty Ins. Co. of New York for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Global Liberty Ins. Co. of New York is obligated to indemnify Cherubin Noel and Okey Onwuzurulke in an underlying action entitled Robinson v Noel, commenced in the Supreme Court, Kings County, under Index No. 2190/09.
On July 28, 2008, Keith Robinson and Antonio Bethea (hereinafter the plaintiffs) were involved in a motor vehicle accident with a vehicle owned by Cherubin Noel and operated by Okey Onwuzurulke. At the time of the accident, Noel was insured by Global Liberty Ins. Co. of New York (hereinafter the defendant). The plaintiffs commenced an action against Noel and Onwuzurulke to recover damages for personal injuries (hereinafter the underlying action). The defendant sent letters dated December 20, 2010, advising Noel and Onwuzurulke of their responsibility to cooperate in the investigation and defense of the underlying action. On January 20, 2011, the defendant disclaimed coverage in the underlying action on the ground that Noel and Onwuzurulke failed to cooperate in the investigation and defense of the underlying action. On September 28, 2012, the plaintiffs obtained a judgment against Noel and Onwuzurulke in the underlying action.
The plaintiffs then commenced the instant action against the defendant and moved for summary judgment, seeking a judgment declaring that the defendant is obligated to indemnify [*2]Noel and Onwuzurulke in connection with the judgment obtained against them in the underlying action. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiffs' motion and granted the defendant's cross motion. We reverse.
"To effectively deny coverage based upon lack of cooperation, an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insurer were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his or her cooperation was sought, was one of willful and avowed obstruction" (Allstate Ins. Co. v United Intl. Ins. Co., 16 AD3d 605, 606; see Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168-169; DeLuca v RLI Ins. Co., 153 AD3d 662). " [M]ere efforts by the insurer and mere inaction on the part of the insured, without more, are insufficient to establish non-cooperation'" (Matter of Government Empls. Ins. Co. v Fletcher, 147 AD3d 940, 941, quoting Matter of Country-Wide Ins. Co. v Henderson, 50 AD3d 789, 791).
The defendant met these requirements with regard to Onwuzurulke. The defendant hired an investigator to locate Onwuzurulke, the investigator communicated with him, and Onwuzurulke refused to cooperate. However, with regard to Noel, the defendant failed to meet its "heavy" burden of "proving lack of cooperation" (Thrasher v United States Liab. Ins. Co., 19 NY2d at 168; see Matter of Country-Wide Ins. Co. v Henderson, 50 AD3d at 790-791). The defendant repeatedly sent letters to an address where Noel did not reside. Further, the defendant's investigator searched for Noel under an incorrect name.
In any event, the defendant's disclaimer of coverage with regard to both Noel and Onwuzurulke was untimely. Insurance Law § 3420(d)(2) provides that, when an insurer disclaims liability or denies coverage for bodily injury arising out of a motor vehicle accident occurring within the state, "it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." "The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (Evanston Ins. Co. v P.S. Bruckel, Inc., 150 AD3d 693, 694 [internal quotation marks omitted]). "[T]he issue of whether a disclaimer was unreasonably delayed is generally a question of fact, requiring an assessment of all relevant circumstances" (Felice v Chubb & Son, Inc., 67 AD3d 861, 862; see Continental Cas. Co. v Stradford, 11 NY3d 443, 449). However, "an insurer's explanation [for the delay in disclaiming] is insufficient as a matter of law where the basis for denying coverage was or should have been readily apparent before the onset of delay" (First Fin. Ins. Co. v. Jetco Contr. Corp., 1 NY3d 64, 69).
Here, the defendant had sufficient information to support its alleged disclaimer of coverage on the basis of noncooperation, at the latest, as of September 20, 2010, when Onwuzurulke affirmatively refused to cooperate, Noel had missed multiple deposition dates, and the defendant's investigator had not been able to locate Noel. Under the circumstances of this case, the defendant's delay in disclaiming coverage was not "as soon as is reasonably possible" within the meaning of Insurance Law § 3420(d)(2) (see Okumus v National Specialty Ins. Co., 112 AD3d 797, 798; Pennsylvania Lumbermans Mut. Ins. Co. v D & Sons Constr. Corp., 18 AD3d 843, 845).
Under these circumstances, the plaintiffs established their prima facie entitlement to judgment as a matter of law declaring that the defendant is obligated to indemnify Noel and Onwuzurulke in connection with the judgment obtained against them in the underlying action. In opposition, the defendant failed to raise a triable issue of fact. The defendant also failed to establish its prima facie entitlement to judgment as a matter of law on its cross motion. Accordingly, the Supreme Court should have granted the plaintiffs' motion and denied the defendant's cross motion.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is obligated to indemnify Noel and Onwuzurulke in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court