Foddrell v Utica First Ins. Co. (2019 NY Slip Op 08991)





Foddrell v Utica First Ins. Co.


2019 NY Slip Op 08991


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-04573
 (Index No. 22515/13)

[*1]Thomas Foddrell, respondent, 
v
Utica First Insurance Company, defendant third-party plaintiff-appellant; et al., third-party defendants.


Farber Brocks & Zane LLP, Garden City, NY (Sherri N. Pavloff of counsel), for defendant third-party plaintiff-appellant.
Mallilo & Grossman, Flushing, NY (Jessica Kronrad of counsel), for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment in favor of the plaintiff and against an insured of the defendant third-party plaintiff, and a related third-party action, the defendant third-party plaintiff appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered March 28, 2017. The order, insofar as appealed from, denied the motion of the defendant third-party plaintiff for leave to enter a default judgment against the third-party defendants declaring that it is not obligated to indemnify the third-party defendant Joney & Rana Construction Corp. in an underlying action entitled Foddrell v Joney & Rana Construction Corp., commenced in the Supreme Court, Queens County, under Index No. 28726/06, and for summary judgment dismissing the complaint and declaring that it is not obligated to indemnify the third-party defendant Joney & Rana Construction Corp. in the underlying action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2006, the plaintiff commenced an action against the third-party defendant Joney & Rana Construction Corp. (hereinafter J & R) and another entity to recover damages for personal injuries he allegedly sustained in a construction-related accident (hereinafter the underlying action). At the time of the accident, J & R was insured by the defendant third-party plaintiff, Utica First Insurance Company (hereinafter Utica). Utica retained a law firm to represent J & R in the underlying action, and issue was joined in May 2007. Utica also retained an investigation company to locate and interview J & R's principal, the third-party defendant Gardeep Singh (hereinafter Singh). On March 13, 2007, Singh provided the investigator with a written statement concerning the accident. In the statement, Singh listed his address, his home telephone number, and his cell phone number.
Thereafter, Singh failed to appear for his court-ordered deposition on October 8, 2008, and again on December 2, 2008. On April 8, 2009, after several unsuccessful attempts to contact Singh through written correspondence and telephone calls, an investigator met with Singh at his home. The investigator advised Singh that a deposition was scheduled for April 13, 2009. According to the investigator, Singh responded that he would contact J & R's attorneys. After Singh [*2]failed to appear for the deposition, Utica sent Singh a letter dated April 15, 2009, advising him that because of his lack of cooperation, Utica "will no longer agree to indemnify [J & R]."
In June 2009, the plaintiff moved to strike J & R's answer. The Supreme Court granted the plaintiff's motion to the extent of directing that J & R's answer would be stricken unless J & R appeared for a deposition by December 4, 2009. The court also, inter alia, granted a motion made by J & R's attorneys to be relieved as counsel for J & R in the underlying action. After J & R, unrepresented by counsel, failed to appear for a deposition by December 4, 2009, the court issued an order dated September 30, 2010, inter alia, striking J & R's answer. An inquest was subsequently held on the issue of damages and, on August 13, 2013, a judgment was entered in the underlying action in favor of the plaintiff and against J & R and the other entity in the total sum of $673,422.71.
In November 2013, the plaintiff commenced this action pursuant to Insurance Law § 3420(a)(2) to recover the amount of the unsatisfied judgment from Utica. Thereafter, in April 2016, Utica commenced a third-party action against the third-party defendants, J & R and Singh, for a judgment declaring that it is not obligated to defend or indemnify J & R in the underlying action. Utica subsequently moved pursuant to CPLR 3215 for leave to enter a default judgment against the third-party defendants declaring that it is not obligated to indemnify J & R in the underlying action. Utica also moved for summary judgment dismissing the complaint and declaring that it is not obligated to indemnify J & R in the underlying action. In an order entered March 28, 2017, the Supreme Court, inter alia, denied Utica's motion. Utica appeals.
"To effectively deny coverage based upon lack of cooperation, an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the insured were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his or her cooperation was sought, was one of willful and avowed obstruction" (Robinson v Global Liberty Ins. Co. of N.Y., 164 AD3d 1385, 1386 [internal quotation marks omitted]; see Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 168; Continental Cas. Co. v Stradford, 46 AD3d 598, 599, mod 11 NY3d 443; Utica First Ins. Co. v Arken, Inc., 18 AD3d 644, 645). " [M]ere efforts by the insurer and mere inaction on the part of the insured, without more, are insufficient to establish non-cooperation'" (Matter of Government Empls. Ins. Co. v Fletcher, 147 AD3d 940, 941, quoting Matter of Country-Wide Ins. Co. v Henderson, 50 AD3d 789, 791).
Here, Utica failed to meet its "heavy" burden of demonstrating J & R's non-cooperation (Thrasher v United States Liab. Ins. Co., 19 NY2d at 168). In support of its motion, Utica established that between January 2009 and April 2009, more than one year before J & R's answer was stricken, it made diligent efforts, through written correspondence, numerous telephone calls, and visits to Singh's home, that were reasonably calculated to bring about J & R's cooperation. Utica's submissions, however, failed to demonstrate that the conduct of J & R constituted "willful and avowed obstruction" (DeLuca v RLI Ins. Co., 153 AD3d 662, 663 [internal quotation marks omitted]; see Matter of Government Empls. Ins. Co. v Fletcher, 147 AD3d at 941; Matter of Country-Wide Ins. Co. v Henderson, 50 AD3d at 791). Accordingly, we agree with the Supreme Court's determination to deny that branch of Utica's motion which was for summary judgment dismissing the complaint and declaring that it is not obligated to indemnify J & R in the underlying action, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Furthermore, we agree with the Supreme Court's determination to deny that branch of Utica's motion which was pursuant to CPLR 3215 for leave to enter a default judgment against the third-party defendants declaring that it is not obligated to indemnify J & R in the underlying action. Utica established that it served the third-party summons and complaint on the third-party defendants, and that the third-party defendants defaulted. Nevertheless, since Utica failed to demonstrate the "facts constituting [its] claim," to wit, that its denial of coverage based upon lack of cooperation was proper, we agree with the Supreme Court's conclusion that Utica did not establish its entitlement to a default judgment declaring that it is not obligated to indemnify J & R in the underlying action (CPLR 3215[f]; see Century Sur. Co. v All In One Roofing, LLC, 154 AD3d [*3]803; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 659; Atlantic Cas. Inc. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651).
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court